CATE, Respondent, vs. WERDER and wife, Appellants.

*March 13—April 1, 1902*

*Tax titles: Description of land: Certainty.*

Under sec. 1047, Stats. 1898, providing that any description which shall indicate the land with ordinary and reasonable certainty and which would be sufficient between grantor and grantee in an ordinary conveyance shall be sufficient in tax certificates, a strip sixty-eight feet deep out of the west twenty-five feet of block 110—being the west twenty-five feet of lots 11 and 12, and the north eighteen feet of the west twenty-five feet of lot 10— is *held* to be sufficiently described in a tax certificate as, "W. 25 ft. by 68 ft. deep of lots 9, 10, 11, 12, block 110," although it did not in fact extend into lot 9 at all.

APPEAL from a judgment of the circuit court for Ashland county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action to foreclose a tax certificate on the sale of 1892, containing as description:

| Description. | Sec. | Town. | Range. | Lot. | Blk. | Dol. Cts. |
|---|---|---|---|---|---|---|
| City of Ashland, | | | | | | |
| Ellis division, | | | | | | |
| w. 25 ft. by 68 | | | | 9, 10, | | |
| ft. deep of | | | | 11, 12. | 110. | 193.28 |
| | | In said county. | | | | |

The principal defense was denial of sufficient description to distinguish any real estate, and especially to apply to that belonging to the defendants, which was described in their deed as:

"The west 25 by 68 feet of block 110. This means the north 18 feet of the west 25 feet of lot 10, and the west 25 feet of lots 11 and 12 in block 110, Ellis division of the city of Ashland."

It appeared that the assessment of 1891, on which this certificate was based, used the same description and named defendants' grantors, Ferdinand and Ottillie Schupp, as owners. The Schupps then owned the premises now owned by the defendants, which had been conveyed to them by the same

description, and which were in fact a strip of land in the northwest corner of block 110, twenty-five feet wide east and west, and sixty-eight feet deep north and south, fronting on Second street, which was the principal business street of the city, and occupied by a store building. The west half of block 110 consisted of twelve lots, numbered consecutively from 1, at the south end, to 12, at the north end, and bounded on the west by Third avenue and on the north by Second street. The lots were twenty-five feet wide, so that the sixty-eight-foot strip extended over the westerly ends of lots 12 and 11, and eighteen feet of the westerly end of lot 10, but did not reach lot 9. The court held that the assessment certificate sufficiently described the premises belonging to the Schupps at the time of assessment, and to the defendants at the time of the action, and rendered judgment of foreclosure in accordance with the prayer of the complaint, from which the defendants appeal.

For the appellants there was a brief by *Dillon & Colignon,* and oral argument by *F. J. Colignon.*

For the respondent there was a brief by *Sanborn & Sanborn,* and oral argument by *A. W. Sanborn.*

DODGE, J. The conclusion of the trial court is obviously correct. Sec. 1047, Stats. 1898, requires that the descriptions in tax certificates and other proceedings have the same construction as in con?eyances between parties, and may be aided in their application to specific property by the same quality and character of extrinsic evidence. *Mendota Club v. Anderson,* 101 Wis. 479, 78 N. W. 185. No one can doubt that had a deed from the Schupps to the defendant contained the same description as the certificate, and it had been shown that the Schupps owned the strip of land which they in fact did own, and no other, in block 110, the deed would be held to sufficiently describe and convey that property. It is a strip of land sixty-eight feet deep out of the west twenty-five feet

of the whole of block 110, and its certainty, in view of the existing facts, cannot be seriously obscured by the incident that it is described as sixty-eight feet deep out of the west twenty-five feet of lots 9, 10, 11, and 12, although it does not extend into lot 9 at all.

*By the Court.*—Judgment affirmed.