N. BOYINGTON COMPANY, Appellant, vs. SOUTHWICK and another, Respondents.

*December 12, 1903—January 12, 1904.*

*Taxation: Assessment to wrong person: Variance in descriptions: Mistake in name of plat: Mortgage interest: Material and immaterial defects: Limitation of actions.*

1. The failure of an assessor to assess real estate in the name of the true owner is *held* insufficient to render the assessment void, where the circumstances indicate that the assessor might readily have believed that the party assessed was the owner; that the tax was a proper one, and that the owner had knowledge of the assessment, levy, and delinquent sale.

2. A variance between the description of a city lot in the assessment roll and in the delinquent tax return consisted in the omission from the latter of the abbreviation "ft." after the figures indicating the dimensions of a portion of the lot excepted from the assessment. The unit of measurement when the lot was platted was feet, and the uncertainty could easily have been made certain by referring to the deed under which the owner claimed, or by inference from contemporaneous conditions, such as occupancy. *Held*, that the descriptions indicated the land with ordinary and reasonable certainty within the meaning of sec. 1047, Stats. 1898.

3. Describing land in the assessment roll as being in the "original plat" instead of S., E. & O.'s plat, as the fact was, is *held* not to have been such an error as would avoid the tax proceedings, where the evidence showed that such plat was the first plat of the city, and was commonly referred to as the original plat in conveyances and former assessments, and that such facts were known to the owner when the tax proceedings were had.

4. Where a conveyance of a portion of a city lot was in fact a mortgage, and contained a provision that the grantor should pay the taxes, a subsequent assessment of the entire lot to the grantor would not render the assessment void.

5. Failure to assess land in the name of the true owner; describing city lots in the assessment roll under the wrong plat name; and assessing an entire lot to one person where he only owned a portion of it, unless shown to have been immaterial by reason of other facts and circumstances, are defects which go to the validity of the assessment and affect the groundwork of the tax. The limitations of sec. 1210*h*, Stats. 1898, therefore apply.

6. An immaterial variation between the description of a tract in the assessment roll and the delinquent return is not a defect which goes to the validity of the assessment and affects the groundwork of the tax.

APPEAL from a judgment of the circuit court for Portage ·county: CHAS. M. WEBB, Circuit Judge. *Affirmed.*

Prior to November 17, 1884, John A. Walker was the owner of the west half of lot 6, and all of lots 7, 8, and 9 of block 29 of Strong, Ellis & Others' addition to the city of .Stevens Point. The title was thereafter transferred among members of the Walker family, who on April 23, 1894, conveyed to J. L. Prentice a part of this property described as .follows:

"Commencing at Strongs avenue at the south line of lot 9, ·block 29, in Strong, Ellis & Others' addition to the city of Stevens Point, running thence east on the south line of lots 9, 8 and 7 in said block 29, 100 feet, thence north parallel with the east line of Strongs avenue 25 feet, thence west on a line parallel with said south line of said lots, 9, 8 and 7, 100 feet .to Strongs avenue, thence south along Strongs avenue to place. of beginning."

On August 1, 1894, a parcel of this property of like shape .and size to the piece conveyed to J. L. Prentice, and lying immediately north of it, was conveyed to August Goerke. ·Goerke, as a part of the transaction; executed a land contract wherein he agreed, on payment of a loan made by him to the owners, to convey this parcel to V. P. Atwell. On September 1, 1894, Atwell took a conveyance to all of the lots above mentioned as having belonged to Walker, excepting the parcels conveyed to Prentice and Goerke. Atwell is an officer and stockholder of the plaintiff company, and at the time of the assessment and tax sale, hereafter mentioned, held title under these conveyances. On May 24, 1897, Atwell and wife conveyed the lots (excepting only the parcel conveyed to Prentice) to the *N. Boyington Company.* August 10, 1899, Goerke and wife conveyed their interest in this land

to the plaintiff company. The *N. Boyington Company* is a corporation formed shortly after the death of N. Boyington. Annis Boyington, the widow of N. Boyington, is president. Ella Boyington, a daughter of N. Boyington and sister of the wife of Atwell, is secretary, and V. P. Atwell has acted in the capacity of managing agent. The other stockholders of the corporation are heirs of N. Boyington.

In 1896 the assessor of the city of Stevens Point assessed to the *Boyington Company* property described as follows:

"The west half of lot No. 6, block No. 29, lot No. 7, except a piece 10 ft. x 25 ft. out of southwest corner, block No. 29, lot No. 8, except 25 feet off south end, block No. 29, lot No. 9, except 25 feet off of south end, block No. 29, in the original plat."

In 1897 the property was sold for the nonpayment of taxes. November 15, 1902, *F. A. Southwick*, by purchase and assignment, became the owner of the tax certificate, and on the same day served notice on the *N. Boyington Company* of his intention to make application for a tax deed thereon,. describing the premises as follows:

"W. ½ of lot No. 6, block No. 29.

"Lot No. 7, except a piece 10x25 out of s. w. cor. block. No. 29.

"Lot No. 8, except 25 feet off South end, block No. 29.

"Lot No. 9, except 25 feet off South end, block No. 29.

"Original Plat of City of Stevens Point."

In addition to the foregoing facts, it appears from the court's findings that the property was properly assessed, and returned delinquent to the county treasurer; the premises were thereafter sold at the delinquent tax sale of the county for the year 1897; V. P. Atwell held the title to the premises at the time of this assessment and tax sale, and had knowledge of the assessment and sale for delinquent taxes; and the owners had not paid the taxes and charges against the property covered by the certificate held and owned by respondent, *F. A. Southwick*.

The court awarded judgment in favor of defendants, setting a time within which the property might be redeemed, and declaring that, if any right of action ever existed, it had been extinguished by the statute.

For the appellant there was a brief by *Cate & Dahl* and *Lamoreux & Park,* and oral argument by *B. B. Park.*

For the respondents there was a brief by *McFarland, Hanna & Murat,* and oral argument by *C. B. McFarland.*

SIEBECKER, J.    The questions involved in this case relate to the validity of the assessment upon the lots described in the complaint, and the regularity of the proceedings for the tax sale of 1897 upon the delinquent return for taxes for the previous year.

The validity of the assessment is attacked because the property was not assessed in the name of the owner.    There is nothing to indicate that the assessor acted wrongfully or negligently in failing to assess the property to the true owner. At the time of the assessment the title to the property was in the name of V. P. Atwell.    He was then managing agent of the *N. Boyington Company.*    This company was composed of himself, his wife, her mother, and her two sisters, and carried on a real estate and lumber business in the city of Stevens Point.    The facts and circumstances of the case indicate that the assessor might readily believe the *N. Boyington Company* to be the party against whom the lots were properly assessable.    It is undisputed that the tax was a proper one, and it is shown that the true owner had knowledge of the assessment, levy, and delinquent sale.    Under such circumstances, the error could not have misled him to his injury; nor could it have affected the interests of the *N. Boyington Company,* the subsequent purchaser.    The error is therefore immaterial, and insufficient to render the assessment void.

It is urged that the variation in the descriptions of the premises intended to be covered by the assessment and the

delinquent tax return and sale are such as to render these proceedings fatally defective, and particularly that the descriptions of the exception from lot 7 are so imperfect that they fail to comply with the "ordinary and reasonable certainty" required by sec. 1047, Stats. 1898, which prescribes:

"In all assessment and tax rolls . . . any descriptions of land which shall indicate the land intended with ordinary and reasonable certainty and which would be sufficient between grantor and grantee in an ordinary conveyance shall be deemed sufficient," etc.

The assessment roll describes the part excepted from lot 7 as "a piece 10 ft. by 25 ft. out of the southwest corner," and the delinquent return omits the abbreviation of "ft." after the figures "10" and "25." This irregularity, from its nature, shows a merely clerical omission, and reference to the assessment roll would disclose the unit of measurement. Feet was the unit of measurement as to the width and depth of the lots when platted, and this fact would also indicate that the excepted parcel was measured in feet. The uncertainty as to the parcel excepted could easily be made certain by reference to the Prentice deed, or by inference from contemporaneous conditions, such as the occupancy by Prentice of a particular piece answering the description. In the light of the facts and circumstances of the case, we must hold these descriptions to indicate the land with ordinary and reasonable certainty. *Mendota Club v. Anderson,* 101 Wis. 479, 78 N. W. 185; *Cate v. Werder,* 114 Wis. 122, 89 N. W. 822; *Meade v. Gilfoyle,* 64 Wis. 18, 24 N. W. 413.

It is urged the court erred in its finding that the Strong, Ellis & Others' plat, recorded June 20, 1852, was the original plat of the lands in the city of Stevens Point. The evidence is abundant to show that this plat is commonly referred to as the original plat, and that it has been so treated in conveyances and in former assessments. These facts were known to Mr. Atwell at the time of these proceedings. The evidence

fully sustains the court's findings upon this issue, and no error is shown which makes the tax proceedings void upon this ground.

The contention that the assessment is void because the property assessed included premises which had been· conveyed to Goerke is without merit, for it was clearly shown that this conveyance amounted to a mortgage to secure a loan made by Goerke to the owners. This conveyance contained a provision that the owners were to pay the taxes.

With the exception of the variation of descriptions between the assessment roll and the delinquent return of the parcel excepted from lot 7, and which, as above stated, is an immaterial variation, the defects and errors upon which relief is sought in this action are such as go to the validity of the assessment, and affect the groundwork of the tax; and the limitations of sec. 1210h, Stats. 1898, therefore apply to this cause of action.

In view of the circumstances of the case, and the application of the statute above mentioned, we think the action of the circuit court should be sustained.

*By the Court.*—Judgment affirmed.