CEZIKOLSKI, Respondent, vs. FRYDRYCHOWICZ, Appellant.

*January 12—February 2, 1904.*

*Tax titles: Constructive possession: Subsequent tax deed: Limitation of actions: Quieting title.*

Plaintiff, grantee under a tax deed fair on its face but voidable for irregularities, which had been duly recorded more than three years before the action was commenced, brought action to quiet title against the holder of a subsequent tax deed fair on its face but voidable for irregularities, which had not been recorded three years. The lands had been at all times vacant and unoccupied. Plaintiff's deed had not been recorded full three years before the recording of defendant's deed. *Held*, that plaintiff's title had become perfect by force of secs. 1187, 1188, Stats. 1898, prior to the bringing of the action.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge. *Affirmed.*

VOL. 120 — 24

This is an action in equity to remove a cloud upon the title of forty acres of land, and the defendant counterclaims, and claims title in himself, and asks to have plaintiff's alleged title removed as a cloud. The land itself is, and has always been, vacant and unoccupied. The plaintiff claims title under a tax deed executed by Chippewa county to the plaintiff's grantor May 17, 1897, for the taxes of the year 1893, which deed was in due form, and was recorded on the day of its execution. The defendant claims under a tax deed also in due form, executed by Chippewa county to the defendant's grantor March 7, 1900, for the taxes of the year 1895, which deed was duly recorded March 9, 1900. It was admitted that both tax deeds were voidable for irregularities in the tax proceedings on which they were based, unless they had been cured by some statute of limitations. The plaintiff, by his reply, pleaded the three-year statute of limitations, under secs. 1187 and 1188, Stats. 1898. The court found that the plaintiff's title was good, and that defendant's claim was unjust and illegal, and that the plaintiff was entitled to the removal of the cloud upon paying into court the amount for which the lands were sold for the taxes of 1895, and also the amount paid by the defendant to redeem the lands from the tax sale of 1897, with fifteen per cent. interest. These sums being paid, judgment for the plaintiff was rendered, with costs, and the defendant appeals.

For the appellant there was a brief by *W. F. Bailey* and *W. H. Frawley,* and oral argument by *Mr. Bailey.* To the point that the title acquired under a tax sale for a subsequent year must prevail over a title founded on a sale for a previous year, they cited, *Anderson v. Rider,* 46 Cal. 134; *Chandler v. Dunn,* 50 Cal. 15; *White v. Knowlton,* 84 Minn. 141, 86 N. W. 755; *Board of Regents v. Linscott,* 30 Kan. 240; *Campbell v. Stagg,* 37 Kan. 419. Constructive adverse possession was as effectual to bar the plaintiff as an actual adverse possession. *Warren v. Putnam,* 63 Wis. 410, 415;

*Lewis v. Disher,* 32 Wis. 504, 507; *Cornell University v. Mead,* 80 Wis. 387, 390; *Hart v. Smith,* 44 Wis. 213.

*W. M. Bowe,* for the respondent.

WINSLOW, J.   Both parties claim title to unoccupied land under tax deeds fair on their face, but voidable for irregularities, unless such irregularities have been cured by a limitation statute.   The plaintiff's deed was recorded May 17, 1897, and the defendant's deed (based on a subsequent tax) was recorded March 9, 1900, so that two years and ten months had elapsed after the recording of the plaintiff's deed when the defendant's deed was recorded.   Had the plaintiff's deed been recorded for three entire years before the execution and recording of the defendant's deed, there is no doubt that the plaintiff's title would have been perfected by the three-years statute of limitations; but the defendant claims that, when he put his deed on record prior to the expiration of the three-years period, he interrupted the running of the statute, and hence plaintiff's title has not been perfected.   The lands were at all times vacant and unoccupied, and it is familiar law that under such circumstances the tax-title claimant, who has a recorded deed valid on its face, is deemed to be constructively in possession of the premises, and, if the original owner does not bring his action within three years, he is barred from bringing any action, and the tax title becomes unassailable.   The defendant's position is that exclusive constructive possession for three years is absolutely essential to the plaintiff's right; that when the defendant's subsequent tax deed was recorded the plaintiff's constructive possession must necessarily have ceased, and constructive possession by the defendant begun; hence that the plaintiff's title has never been made perfect by the statute of limitations, but is still open to attack for irregularity, and that defendant's tax title, being for a later tax, is the better title.   The difficulty with this reasoning is that

it elevates a mere legal fiction into a controlling element of a statute which does not even refer to it. Our statutes regarding the effect of tax deeds are quite simple. If the tax deed be·fair on its face, and founded upon regular proceedings, it conveys a valid title in fee simple as against all the world, subject only to be divested by a tax deed based upon a subsequent tax. Sec. 1176, Stats. 1898. If, however, the deed, though fair on its face, be voidable for irregularities in the proceedings, it may be rendered valid by the limitation statutes (secs. 1187, 1188, Stats. 1898) either by three years' actual possession by the grantee in the deed, or, in case of vacant and unoccupied land, by the lapse of three years after the recording of the deed without action by the original owner. The statute of limitations says nothing about constructive possession. This court, it is true, has frequently spoken of constructive possession, and has, in substance, said that when a tax deed in due form is recorded, and the lands covered by it are vacant and unoccupied, the tax-title grantee is deemed to be in constructive possession, and that this constructive possession for three years is equivalent to actual possession in its legal effect. As matter of fact, no one has been in possession. The lands have been actually vacant all the time, and the phrase has been used simply as a matter of convenience to describe a condition of vacancy under special circumstances, namely, vacancy with a tax deed duly recorded. No particular reason is perceived why one tax-title claimant may not be in "constructive possession" as to the original owner, and a subsequent tax-title claimant may not also be in constructive possession as to both the original owner and the prior claimant at the same time. The shadowy possessions will certainly not crowd each other. The whole force of the defendant's argument depends on the proposition that there can be but one constructive possession at the same time, and hence that when the second tax deed was recorded the ghostly shade which represented the plaintiff must

necessarily have glided noiselessly from one side of the land while the equally diaphanous shade of the defendant glided in upon the other side. If this were held to be the case, the consequences would be somewhat singular. For instance, one result would seem to be that the original owner is not yet cut off from contesting the plaintiff's title, though the three years fixed by the statute have passed, and the original owner has never been in actual possession, nor brought his action as the statute requires. Suppose some subsequent tax had remained unpaid, and another tax deed had been recorded just before the expiration of three years after the recording of the defendant's deed, would there have been a break in defendant's constructive possession, and the original owner afforded another three years to bring actions to set aside both titles; and, if so, how often may the process be repeated? To our minds, the attempt to nullify a perfectly plain limitation statute by a finespun metaphysical argument as to the possibility or impossibility of two coexistent constructive possessions in the same piece of land cannot be regarded seriously. The facts in evidence show that the plaintiff's title had become perfect by force of the statute of limitations as against the original owner or owners prior to the bringing of this action, and hence he had a right to bring his action to remove the cloud cast upon his title by the defendant's tax deed, which is conceded to have been voidable by reason of irregularities in the tax proceedings.

There are no other contentions which are deemed of sufficient importance to demand special treatment.

*By the Court.*—Judgment affirmed.