## Van Ostrand, Respondent, vs. Cole, Appellant.

*January 29—April 30, 1907.*

*Tax titles: Limitations: Ejeclment by grantee in tax deed: Failure to pay taxes: Estoppel: Tender of taxes, etc., before suit brought: Costs: Deeds to county: Defects: Description of lands in delinquent·return: Presumption as to newspaper publishing notice of sale.*

1. Under secs. 1187, 1188, Stats. (1898), when the lands covered by a tax deed fair on its face have remained vacant and unoccupied at all times during the three years next succeeding the recording of the deed, the title of the grantee is not subject to attack for defects in the tax proceedings; and he may maintain ejectment against any person thereafter taking possession adversely to such deed.

2. Failure to pay taxes does not of itself estop the owner of land to claim his rights as such owner.

3. Ejectment may be maintained against a tax-title claimant, although there was no previous tender to him of the sums paid for taxes, interest, etc., which, under sec. 3087, Stats. (1898), he is to be reimbursed in case his title fails on account of defects in the tax proceedings; and failure to make such a tender does not affect the plaintiff's right to recover costs in the action from the defendant.

4. Secs. 1191, 1191a, Stats. (1898), do not cure defects in tax proceedings and tax deeds based thereon or preclude any person from showing title and right of possession or from attacking any claim to land under tax deeds taken by the county for any defect or insufficiency rendering the deeds invalid.

5. Although in a town treasurer's return of delinquent taxes the township, range, and section numbers which appeared at the top of the respective columns were not repeated or indicated by ditto marks after the description of each parcel of land, the descriptions are *held* sufficiently definite and to meet the requirements of sec. 1047, Stats. (1898).

6. In the absence of proof to the contrary it will be presumed that the newspaper in which the notice of a tax sale was published was one meeting the requirement of sec. 1130, Stats. (1898), that it should have "been regularly and continuously published in such county once in each calendar week for at least two years immediately before the date of such notice."

APPEAL from a judgment of the circuit court for Price county: A. J. VINJE, Judge. *Affirmed.*

An action in ejectment, under the statute, to recover the possession of 160 acres of vacant and unoccupied land. Plaintiff alleged ownership in fee and right of possession and that defendant unlawfully withheld possession, and demanded judgment declaring the title and right of possession to be in him. Damages were also demanded. Defendant answered claiming ownership in fee, that she had acquired title through deeds from Price county to the J. L. Gates Land Company, and from that company to her. The various deeds were described in detail, as were certain tax certificates alleged to have been assigned to defendant and issued subsequent to the dates of the certificates upon which the tax deeds were based. These deeds were as follows:

Tax deed dated March 29, 1899, recorded March 30, 1899, on tax certificate of May 21, 1895, for the taxes of 1894.

Tax deed dated June 22, 1899, recorded June 23, 1899, on tax certificate of May 19, 1896, for the taxes of 1895.

(These two deeds were issued to Price county. On October 17, 1899, quitclaim deeds from Price county to the J. L. Gates Land Company and from the J. L. Gates Land Company to the defendant were recorded.)

Tax deed to the defendant, dated August 29, 1901, recorded August 29, 1901, on tax certificate of May 18, 1897, for the taxes of 1896.

Tax deed to the defendant, dated August 30, 1901, recorded August 30, 1901, on tax certificate of May 17, 1898, for the taxes of 1897.

The taxes levied against these lands for the years 1894, 1895, 1896, 1897, 1898, and 1899 were not paid. The lands were sold to the county for the delinquent taxes of these years, and the defendant acquired title through the quitclaim deeds above described to the interest of the county in the lands and the tax certificates which the county held at the time. The

tax certificates for the year 1899 do not appear to have been disposed of by the county. Defendant has paid the taxes levied on the lands since 1899. Defendant alleged that Price county became the owner of all tax certificates issued on these lands after the issuance of the first tax-sale certificate above described, and that under sec. 1191, Stats. (1898), the county in the year 1899 became the owner in fee of these lands, and that the lands were then and until conveyed by the county exempt from taxation. Defendant pleaded sec. 1191a, Stats. (1898), and alleged under it that five successive purchases by the county for taxes, if unredeemed, gave the county a title in fee. Sec. 1187, Stats. (1898), was pleaded, it being averred that in cases where vacant and unoccupied lands have been sold for delinquent taxes a party, in order to perfect his title under such tax deed, must bring an action to recover possession of the lands within three years from the recording of his tax deed. Defendant also pleaded secs. 1210h, 1188, and 1189a, Stats. (1898), as barring the action. Defendant therefore demanded judgment that she was the owner in fee of the lands and that plaintiff's claim thereto was barred, and for costs.

Plaintiff in his reply to the counterclaim of the defendant pleaded that the town treasurers failed to make valid return of these lands as delinquent for the years 1894, 1895, 1896, and 1897, in that the return, contrary to the statute, added the five per centum penalty to the delinquent taxes; that there was a failure to return the delinquent personal taxes with the delinquent taxes on lands; that these returns were defective because the town treasurers had not subscribed at the foot of the return according to the form of the statute (it appears the verification properly subscribed preceded the list); and that the descriptions of the separate parcels were indefinite and incomplete, in that the section, township, or range descriptions were not repeated or indicated by ditto marks for each parcel. The proceedings subsequent to the return were

alleged to be defective, in that the proof of publication of the notice of sale was not filed with the county treasurer; that such proof of publication was not transmitted to the county treasurer within six days after the last publication, as prescribed by sec. 1132, Stats. (1898); that the proof did not show that the notice of sale was published "once in each week for four successive weeks" prior to the date of sale; that the proof failed to show that the paper in which the notices were published had been published regularly and continuously once in each calendar week for two years prior to the publication of the notices, as required by sec. 1130, Stats. (1898); and that the sale was fatally defective, because, under these conditions, it wrongfully included a printer's fee as part of the charges for the delinquent tax sales. Plaintiff in his reply offered to pay any sum due defendant for taxes, interest, and charges paid by defendant in obtaining her tax deeds and subsequently.

Plaintiff on the trial showed, by records, title in himself by various deeds as follows:

Tax deed to Geo. B. Burrows, dated and recorded May 16, 1891, on tax-sale certificate of 1888.

Tax deed to Géo. B. Burrows, dated and recorded May 24, 1892, on tax-sale certificate of 1889.

Tax deed to Geo. B. Burrows, dated and recorded June 1, 1893, on tax-sale certificate of 1890.

Tax deed to Geo. B. Burrows, dated and recorded June 2, 1894, on tax-sale certificate of 1891.

Tax deed to Geo. B. Burrows, dated and recorded May 24, 1890, on tax-sale certificate of 1887.

Quitclaim deed from Geo. B. Burrows to Thomas H. Patterson, dated and recorded May 4, 1897.

Quitclaim deed from Thomas H. Patterson and wife to plaintiff, dated September 27, 1901, recorded September 28, 1901.

The court refused to allow defendant to introduce evidence

of irregularities in the proceedings on which the tax deeds
on which plaintiff's title is founded were based. The judg-
ment awarded allowed defendant the sum paid by her for
taxes and whatever she had paid in procuring her tax deeds.
Plaintiff was allowed his costs. This is an appeal from the
judgment.

*Rublee A. Cole,* for the appellant.

For the respondent there was a brief by *Barry & Barry,*
and oral argument by *M. Barry.*

The following opinion was filed February 19, 1907:

SIEBECKER, J.    Much stress is placed in argument on the
claim that plaintiff has failed to show title to the premises.
As appears from the foregoing statement of the facts, plaint-
iff's claim of title is founded on the five tax deeds issued by
Price county to Burrows, all of which were duly of record
for more than three years before the commencement of this
action. It is contended that plaintiff's title under these
deeds is not protected from attack by defendant for defects
and insufficiencies in the tax proceedings. The lands in-
volved were vacant and unoccupied at all the times covered
by these transactions. Under these circumstances it follows
that the grantee and those holding under him were construc-
tively in possession of the premises from the time of the
recording of the tax deeds. The title so acquired became
absolute, by force of secs. 1187, 1188, Stats. (1898), at the
expiration of three years from the date of the recording of
the tax deed fair on its face, and was not thereafter subject
to attack for defects in the proceedings. *Cezikolski v. Fry-
drychowicz,* 120 Wis. 369, 98 N. W. 211; *Wis. River L. Co.
v. Paine L. Co.* 130 Wis. 393, 110 N. W. 220, and cases
therein cited. In the last case the court adopts the individ-
ual view on this question of Chief Justice DIXON as expressed
in *Lawrence v. Kenney,* 32 Wis. 281, holding that at the
expiration of the prescribed period such a grantee and those

holding under him acquire an absolute title and right of possession, and that they "may maintain ejectment against any person thereafter taking possession adversely to such deed." In view of this and other decisions on the subject, the right of the plaintiff to maintain this action on the tax deeds issued to Burrows cannot be questioned.

Appellant's counsel cites us to *Dickerson v. Colgrove,* 100 U. S. 578, in support of the claim that plaintiff's grantor, Patterson, was estopped from claiming title by reason of his failure to pay taxes subsequent to the issuance of the tax deeds forming the basis of his title. An examination of the case fails to disclose any materiality to or bearing on the situation involved here, and it is not suggested how the failure to pay taxes is in itself an estoppel against the owner from claiming his rights as such owner, unless, for failure to pay taxes, his interests have been cut off by the sale and transfer.

It is further contended that plaintiff could not maintain this action unless before action he tendered defendant the full amount of all taxes, interest, and charges arising out of the sale of the premises for the nonpayment of taxes involved in the proceedings on which her tax titles are based. The argument that the failure to so tender payment of these sums would be a deprivation of defendant's right to the sums so paid for taxes, interest, and charges on account of the owner's delinquency, and would thus deprive her of the interest acquired in the lands by such payments, is without merit, in view of the provision of the statute providing that such purchasers shall be reimbursed the sums paid for tax certificates held by them, if the title fails on account of defects or deficiencies in the tax proceeding. Sec. 3087, Stats. (1898), makes provision for the repayment of the amounts paid for taxes, interest, and charges by holders of certificates on the land of such delinquent owner in case he establishes the right to hold the premises against the claims of such purchasers of tax certificates. It is averred that

under the circumstances the court was not justified in compelling defendant to pay the costs of the action. We find nothing in the case which should relieve defendant from this obligation to the plaintiff as the successful party in an action in ejectment. In such actions the right to costs is governed by the rules applied to actions at law.

Counsel places reliance on the claim that Price county obtained an absolute fee in the lands under tax deeds taken by it in March and June, 1899, which title defendant acquired subsequently by conveyance from the J. L. Gates Land Company, the grantee of the county. It is claimed that under secs. 1191, 1191a, Stats. (1898), this title became absolute when these tax deeds issued, because the county then held unredeemed tax-sale certificates on the same property "for two successive years subsequent to the date of the sale on which the deed" issued, and that the land was therefore exempt from taxation until sold by the county. It appears that the county sold and conveyed the lands in July following to the J. L. Gates Land Company. This rendered them subject to taxation from that time. This statute in no way cures defects in the tax proceedings and the deed based thereon, and precludes no person from showing title and right of possession, and from assailing any claim to the premises under the tax deeds taken by the county for any defect or insufficiency rendering the deeds invalid. Under the facts and circumstances before us we find plaintiff's claim that these statutes in no respect strengthen defendant's title or impair that of plaintiff fully sustained.

Secs. 1189 and 1210h have no application to the issues of this case and therefore need not be considered.

Proceeding to an examination of the tax proceedings under which defendant claims title, we find that the treasurer omitted to subscribe his name to the delinquent return, but subscribed the affidavit attached thereto, and also an omission to carry out after each description in separate lines the township, range, and at times the section number, all of which

appeared at the top of the respective columns. The return also contains a separate column, headed "Five per centum collection fees," giving the amount of such charge in addition to the total amount of the unpaid tax returned. The plaintiff also claims that the proceedings subsequent to the delinquent return are defective and insufficient, in that the affidavits of the proof of publication fail to show that the notices were published "once in each week for four successive weeks;" that the newspaper in which the notices were published was published continuously once in each calendar week for two years immediately before the date of such notices; that the affidavits of publication were not transmitted to the county treasurer within six days after the last legal publication, pursuant to sec. 1132, Stats. (1898); and that an unauthorized printer's fee of twenty-five cents was included as a charge on every description of the land sold. In the case of *Cole v. Van Ostrand, post,* p. 454, 110 N. W. 884, it is held that the failure of the treasurer to subscribe the delinquent return and the inclusion of the five per centum collection fee, as in this case, do not constitute such defects in the return as to affect the validity of the proceeding, but that the failure to transmit to the county treasurer within six days after the last legal publication the affidavit of the printer showing publication of the notice, and including a twenty-five cent charge therefor, renders the sale defective and insufficient and makes it invalid. The descriptions of the different parcels in the delinquent return are sufficiently definite to indicate with sufficient certainty the parcels on which the taxes were assessed and levied, and meet the requirements of sec. 1047, Stats. (1898), prescribing that "any descriptions of land which shall indicate the land intended with ordinary and reasonable certainty and which would be sufficient between grantor and grantee in an ordinary conveyance shall be sufficient." *Cate v. Werder,* 114 Wis. 122, 89 N. W. 822; *Boyington Co. v. Southwick,* 120 Wis. 184, 97 N. W. 903.

The claim that the tax proceedings are defective because it

is not shown that the newspaper in which the notice was published had been published continuously once in each calendar week for two years immediately before the date of such sale is not sustained. In the absence of proof showing that the newspaper was not so published, it must be presumed that it was one which met the requirements of the statute in this respect.

We find no error in the record. The trial court properly awarded judgment for the plaintiff.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied April 30, 1907.