FOLGER and another, Respondents, vs. BOYINTON, Appellant.

*November 24 — December 14, 1886.*

*Amendment of pleading: Original must be introduced as evidence.*

After a pleading has been amended the original pleading cannot be used or referred to on the trial as proof of any fact unless it has been introduced in evidence.

APPEAL from the Circuit Court for *Portage* County. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *Cate, Jones & Sanborn*, and for the respondents on that of *A. J. Smith*, attorney, and *Raymond & Haseltine*, of counsel.

ORTON, J. The original complaint before the justice was that the plaintiffs put in certain crops on the premises in question, and were the owners thereof, and that the defendant purchased said premises, and, at the time of said purchase, agreed to harvest and thresh said crops and deliver to the plaintiffs one half thereof. In the circuit court, on appeal, the plaintiffs were allowed to amend said complaint by adding after the words, " at the time of said purchase," the words, " and as part of the purchase money thereof." On the argument of the cause before the jury the defendant's counsel offered to read to the jury the original complaint, " for the purpose of showing what the allegation of the plaintiffs was in the original complaint as to the contract." This offer was refused, and exception was taken by defendant's counsel to such ruling. This is the only question in the case.

The original complaint as to such fact had not been introduced in evidence on the trial. That complaint was not then the complaint or a pleading in the cause upon which the trial was being had. The cause was being tried upon the amended complaint and, there being no objection to the amendment, the original complaint drops out of the record and will be no part of the judgment roll in that action. Sec. 2898, R. S. The original complaint will, of course, remain on file among the papers in the cause, but not as the complaint; and the facts therein stated under oath will be statements of the plaintiffs, that may be shown in evidence to contradict any subsequent statements of fact

under oath, by way of impeachment, or as admissions of the plaintiffs of any facts stated therein. The pleadings in the cause may be referred to by counsel or the court to ascertain the nature and scope of the action and, if there is an answer, the real issues in the cause, and for no other purpose. The authorities are collated in Abbott's Trial Brief, sec. 11. But they cannot be referred to as proof of any fact unless they are introduced in evidence on the trial with at least some chance for explanation. The original complaint was sought to be read to the jury to show what the allegation of the plaintiffs was as to the contract. This was to prove the admissions of the plaintiffs as to what it was, and therefore should have been introduced as any other testimony in the case, so as to give the plaintiffs a chance to explain such an admission. But, that old complaint not then being the complaint in the cause, it should of course be introduced in evidence like the records in another case. To read that complaint to the jury would not be reading any part of the pleadings in the cause, either to ascertain the issues or the nature and scope of the action. I never heard of such a practice as here attempted, and in my opinion it is as illogical as it is unlawful. I can find no authorities in point except those in the above reference.

*By the Court.*— The judgment of the circuit court is affirmed.