Gibbons, Appellant, vs. Ellis, Respondent.

*October 29 — November 15, 1892.*

*Subscriptions: Validity: Modification of contract: Assignment: Delivery: Evidence.*

1. The agreement of subscription to a fund of $6,000 to erect a creamery, contained a contract of D. & R. that for that sum they would furnish a site and erect the building, etc. This contract was modified in the interest of the subscribers by general consent or acquiescence of all the parties interested. D. & R. performed the same as modified, in good faith, and the subscribers, acting collectively as a corporation, accepted the property without objection. In an action against one of the subscribers upon his subscription, it is *held* that he was bound by the act of his associates to which he made no objection until thereafter called upon to pay his subscription.

2. The fact that one subscription of $200 (of the $6,100 apparently subscribed) was invalid, did not avoid defendant's subscription, it not having been stipulated that no subscription should be binding until the full sum of $6,000 was subscribed, and D. & R. having performed their contract in good faith, supposing all the subscriptions to be valid.

3. Defendant had signed and delivered to plaintiff's attorney an assignment of his interest in the creamery. purporting to be in full payment of his subscription. The assignment showed on its face that it was intended to be executed by two other subscribers. *Held,* that the attorney should have been permitted to testify that the assignment was taken by him only for the purpose of endeavoring to negotiate a settlement, and that it was not to become operative unless signed by the other two subscribers. Such testimony would not tend to modify the terms of the written instrument. but merely to show that there had been no such delivery and acceptance thereof as would bind the parties by its terms. Nor would the admission of such testimony violate the rule excluding proof of mutual propositions of settlement.

4. Such instrument did not impose upon plaintiff any obligation of diligence to obtain the signatures of the other two subscribers, or, if he failed to do so, to give notice of the fact to defendant.

APPEAL from the Circuit Court for *Eau Claire* County. The defendant, *J. F. Ellis,* and some forty others, sub-

scribed a fund to erect a creamery at or near the city of Eau Claire, to cost $6,000. That subscription contained a contract with Davis & Rankin (who executed the same) to the effect that for such subscription they would erect a creamery building according to certain plans and specifications, and would furnish a specified quantity of land upon which to erect it, and certain specified machinery, outfit, and appliances with which to operate it. The contents of this instrument are very fully stated in *Gibbons v. Grinsel,* 79 Wis. 365 (which was an action founded upon it), and will not be here repeated. Defendant's subscription was $100, no part of which has been paid. Davis & Rankin erected the creamery, and duly assigned the subscription of defendant to the plaintiff, *D. F. Gibbons,* who thereafter brought this action to recover the amount thereof.

The answer of defendant contains the following defenses: (1) Davis & Rankin did not furnish the full quantity of land nor the building and appliances stipulated for in the contract; (2) the required sum of $6,000 was not subscribed; and (3) defendant assigned and transferred to plaintiff all his interest in the above-mentioned contract and property, unconditionally, in full satisfaction of said subscription. The last-mentioned defense was founded on an instrument in writing, which is as follows:

" For value received, we hereby sell, assign, and transfer all our interest in the Eau Claire Creamery Association, and the capital stock thereof, unto *D. F. Gibbons,* and authorize the issue of the shares subscribed for by us respectively unto the said *D. F. Gibbons,* or, if issued in our respective names in the amounts subscribed for, in full payment for our subscription as set opposite our names below, we will assign and transfer the said shares of the capital stock to said *D. F. Gibbons,* or to whom he may request, whenever the subscriptions are presented to us for such transfer, in full payment for our subscription.

" Witness our hands and seals, Eau Claire, Wis., this ——— day of September, 1889.

|  | " [Seal.] | 2 shares, $200.00. |
|  | " [Seal.] | 2 shares, $200. |
| " J. F. ELLIS. | [Seal.] | 1 share, $100. |

" Conditioned that I assume no liability."

A trial of the action in the circuit court resulted in a verdict for the defendant, which the court directed the jury to return. This direction was upon the ground that an accord and satisfaction of the cause of action was conclusively proved, as alleged in said third defense. The testimony and the other rulings on the trial are sufficiently stated in the opinion. The plaintiff appeals.from the judgment for defendant entered pursuant to the verdict.

For the appellant there was a brief by *Geo. C. & Fred A. Teall,* and oral argument by *Fred A. Teall.* They argued, among other things, that parol testimony is admissible to prove that a written instrument has never been delivered so as to bind the parties thereto by its terms. *Ballston Spa Bank v. Marine Bank,* 16 Wis. 121; *Jilson v. Gilbert,* 26 id. 637; *Nilson v. Morse,* 52 id. 240; *Benton v. Martin,* 52 N. Y. 574; *Grierson v. Mason,* 60 id. 394; *Juilliard v. Chaffee,* 92 id. 535; *Reynolds v. Robinson,* 110 id. 654; *Lippincott v. Whitman,* 83 Pa. St. 244; *Farwell v. Ensign,* 66 Mich. 600; *Bell v. Shibley,* 33 Barb. 610; *Wilson v. Powers,* 131 Mass. 539.

For the respondent there was a brief by *Ellis & Allen,* and oral argument by *C. L. Allen.* They contended, *inter alia,* that the assignment was an adjustment and compromise of a *bona fide* controversy between the parties, and hence conclusive. *Kercheval v. Doty,* 31 Wis. 476; *Johnson v. Parker,* 34 id. 596; *Van Trott v. Wiese,* 36 id. 439; *Zimmer v. Becker,* 66 id. 527. The acceptance and retention of the assignment by plaintiff is *prima facie* evidence of unconditional delivery. *Kercheval v. Doty,* 31 Wis. 491; *Prin-*

*gle v. Dunn*, 37 id. 449; *Case v. Fish*, 58 id. 56; *Schriber v. Le Clair*, 66 id. 579. The evidence to show that the delivery was conditional was not admissible. *Kercheval v. Doty*, 31 Wis. 489; *Pringle v. Dunn*, 37 id. 449; *Case v. Fish*, 58 id. 56; *Schriber v. Le Clair*, 66 id. 579; *Foster v. Clifford*, 44 id. 569; *Racine Co. Bank v. Lathrop*, 12 id. 466; *Wayland University v. Boorman*, 56 id. 657; *Hubbard v. Marshall*, 50 id. 322; *Hooker v. Hyde*, 61 id. 204; *Herbst v. Lowe*, 65 id. 316; *Richardson v. Johnsen*, 41 id. 100; *Cooper v. Tappan*, 4 id. 362; *Davy v. Kelley*, 66 id. 452; *Gillmann v. Henry*, 53 id. 465; *Crawford v. Earl*, 38 id. 312; *Gregory v. Hart*, 7 id. 532; *Downie v. White*, 12 id. 176; *Braman v. Bingham*, 26 N. Y. 483. When a subscription to the capital stock of a corporation is made upon the condition that the company is not to be organized, or shall not enter upon the principal object of its organization, until the given amount of its stock shall be subscribed, such condition is a condition precedent, and the company is not authorized to enforce the payment of such subscription until the conditions are complied with on its part. *Penobscot & K. R. Co. v. Dunn*, 39 Me. 587; *Philadelphia & W. C. R. Co. v. Hickman*, 28 Pa. St. 318.

LYON, C. J. 1. The first defense, to wit, the failure of Davis & Rankin to furnish the land, creamery building, outfit, and appliances stipulated for in the contract, is without merit. The contract was modified in some particulars in the interest of the subscribers to the fund, by general consent, or at least acquiescence, of the parties interested. Davis & Rankin performed the same as modified, in good faith, and the subscribers, acting collectively as a corporation, accepted the property, without objection from any source, as a compliance by Davis & Rankin with the terms of their contract. The defendant is bound by this action of his associates for his benefit, to which he never made

any objection until thereafter called upon to pay his subscription. *Gibbons v. Grinsel,* 79 Wis. 365.

2. The second defense, to the effect that the subscription is void because only $5,900 was subscribed, is predicated upon a mistaken view of the contract. We find no clause therein providing that no subscription shall be binding until the full sum of $6,000 is subscribed. The restriction therein (if there be any) is upon the right to incorporate. Moreover, $6,100 was apparently subscribed; but one person, whose name appears in the list as a subscriber to the amount of $200, denies that he made the subscription. It does not appear that Davis & Rankin knew this fact, if it be a fact. They acted in perfect good faith, supposing the subscriptions were all valid, and expended their money in an honest performance of their obligations under the contract. If the defendant would avoid paying his subscription for the reason that the $200 subscription was invalid and hence that only $5,900 was subscribed, he should have obtained the information and imparted it to Davis & Rankin before they performed their part of the contract. This defense is manifestly an afterthought. It is not just, and cannot prevail.

3. The defendant signed and delivered to Mr. Teall the assignment set out in the above statement of the case, but Mr. Teall testified that the instrument was drawn for the purpose of procuring three of the subscribers, of whom the defendant was one, to execute it. The signatures of the other two subscribers were never obtained. Mr. Teall took the assignment to defendant to procure, and did procure, his signature thereto. As to what then and there occurred Mr. Teall testified as follows: "It was stated by me that if I could procure the signatures of the other two unpaid subscribers, and could sell the stock, that it would be accepted in settlement; but I expressly and distinctly stated to him that I took this only for the purpose of en-

deavoring to compromise and negotiate a settlement, but only on condition that I could procure the signatures of the other two unpaid subscribers, and upon the further condition that I could dispose of the stock." This testimony of Mr. Teall was stricken out by the court.

The learned circuit judge, in making the above ruling, intimated the opinion that plaintiff was estopped by his laches, in that he did not return the assignment, or notify defendant that its conditions had not been complied with, from asserting that the assignment was not unconditionally delivered to plaintiff. Yet we understand the ruling really to have been made on the ground that the admission of such testimony would violate the rule which prohibits testimony of parol stipulations, made before the execution of the written contract, offered for the purpose of modifying or changing the terms of the writing.

We think the above ruling was erroneous. The assignment expresses a joint as well as several contract, and shows on its face that it was intended to be executed by three subscribers. It is only executed by one. It is probable that the fair inference from the writing itself is that the parties did not intend it to be operative until the three subscribers had signed it, and hence that the burden is upon defendant to prove that it was delivered by him, and accepted by plaintiff, unconditionally, and was to be in full force and effect without such other signatures. If this is a correct view, the testimony of Mr. Teall was certainly admissible to rebut any such proof on the part of the defendant. See *Taylor v. Coon*, 79 Wis. 76, 82. But, if the view above suggested is not the correct one, it is clear that Mr. Teall's testimony did not tend to change or modify the terms of the written assignment, but went only to the question as to whether the same had been so delivered as to become operative as the contract of the parties. We understand the rule to be well established that parol testi-

mony is admissible to prove that a written instrument has never been delivered so as to bind the parties thereto by its terms. If defendant signed the instrument in question, and left it with Mr. Teall under an agreement that it should not be operative unless the signatures of two other subscribers should be obtained thereto, this was no such delivery and acceptance of the instrument as would bind either party by the stipulations therein written, and neither would be bound until such signatures were obtained. .We are not aware of any rule of evidence which excludes parol testimony tending to prove such nondelivery and nonacceptance. It may here be observed that we have in this case no question arising under the statute of frauds, as in *Campbell v. Thomas*, 42 Wis. 437. Many cases sustaining the above views will be found cited in the brief of counsel for the plaintiff.

4. We are further of the opinion that there is nothing in this record which can properly be construed as a waiver of the plaintiff's right, or an estoppel against him, to assert that the assignment never became operative as a contract. All there is of it, the defendant expressed in the instrument his willingness to join with two others in assigning their interest in the creamery stock or property to the plaintiff, on the terms specified in the writing. The other subscribers failed to join in the assignment, and that was the end of it. The instrument imposes upon plaintiff no obligation of diligence to obtain their signatures, or, if he failed to do so, to give notice of the fact to defendant.

Furthermore, we discover nothing in the rejected testimony of Mr. Teall which violates the rule excluding proof of mutual propositions of settlement by parties to a controversy.

Our conclusion is that, in any view of the case, it was error to exclude the testimony of Mr. Teall.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new. trial.