Curry vs. Colburn and wife.

Curry, Appellant, vs. Colburn and wife, Respondents.

*March 26 — April 12, 1898.*

*Deed, delivery necessary: Evidence of.*

| 99 | 319 |
| 101 | 188 |
| 99 | 319 |
| 115 | 382 |
| 115 | 562 |

1. No particular form is necessary to constitute the delivery of a deed. It is sufficient that the minds of the contracting parties meet, expressly or tacitly, in the intent to give it effect. Until delivered with such intent it never becomes operative.
2. The mere handing of a deed, which is not dated or acknowledged, to the grantee named therein at his request, to be examined by his lawyer, and the bargain to be completed at a subsequent meeting of the parties, is not such a delivery as will make it operative.
3. Parol evidence is admissible to show that a written instrument, although in the hands of the grantee, has never in fact been so delivered as to bind the parties.

Appeal from a judgment of the circuit court for Fond du Lac county: N. S. Gilson, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Webster & Classon*, and for the respondents on the brief of *George G. Greene*, of counsel.

BARDEEN, J.   The plaintiff brings this action in ejectment to recover possession of a tract of land in the city of Marinette.   The answer is a general denial, and a counterclaim substantially to the effect that both parties claim title from one Fairchild, and that the deed under which plaintiff claims title was never in fact delivered to him with intent to pass title.   A reply asserts the validity of plaintiff's deed, and that defendants took title with notice of the plaintiff's rights. The chief question litigated on the trial was whether the deed from Fairchild to plaintiff had ever been delivered. The court found that such deed was handed by Fairchild to plaintiff merely for examination and inspection, and was not delivered with the intention of passing the title.   As conclusions of law, the court found that defendants were entitled to judgment dismissing the complaint and canceling said deed.

There is ample evidence to support the conclusions arrived at by the trial judge, and his findings of fact cannot be disturbed.   The deed in question was not dated or acknowledged.   It was simply handed to plaintiff by Fairchild, at the former's request, to be taken to his lawyer for examination, and the parties were to meet later to complete the bargain.   No particular form is necessary to constitute the delivery of a deed.   It is sufficient when the deed is executed, and the minds of the parties to it meet, expressly or tacitly, in the purpose to give it present effect.   *Bogie v. Bogie*, 35 Wis. 659.   Like every other contract, there must be a meeting of the minds of the contracting parties — the one to sell and convey, and the other to purchase and receive — before the agreement is consummated.   *Welch v. Sackett*, 12 Wis. 243.   The question of delivery is largely of

intention. 1 Devlin, Deeds, § 262. And a deed never becomes operative until it is delivered with the intent that it shall become effective as a conveyance. Id. Counsel for the plaintiff argue earnestly that, because the deed was handed by Fairchild to the plaintiff, this constituted a full and complete delivery, and that evidence was not admissible to show the actual condition then existing. No doubt, a great deal of discussion and unnecessary refinement may be found in the books, bearing upon this question; but the main principle must predominate, that, to constitute a valid delivery of a deed, the grantor must part with his dominion over it, with *intent to pass the title.*

The ancient rule that a deed cannot be delivered in escrow to the grantee in no way conflicts with our conclusions. A delivery in escrow contemplates complete loss of control over the deed. Here the incomplete deed was handed to the grantee, to take to his lawyer for inspection. By the terms of their agreement of sale, a mortgage was to be made, a party-wall contract was to be executed, and part of the consideration to be paid. There was nothing in the circumstances to show that Fairchild in any way intended to part with his dominion over the deed. On the contrary, they all tend to establish the conclusion arrived at by the trial court. That parol evidence is admissible to show that a written instrument has never been delivered so as to bind the parties thereto is established by the following cases: *Gibbons v. Ellis,* 83 Wis. 434; *Price v. Hudson,* 125 Ill. 284; *Brackett v. Barney,* 28 N. Y. 333; *Roberts v. Jackson,* 1 Wend. 478; *Reichart v. Wilhelm,* 83 Iowa, 510. In *Price v. Hudson* the court remark: "It is not competent to control the effect of the deed by parol evidence, when it has once taken effect by delivery, but it is always competent to show that the deed, although in the grantee's hands, has never in fact been delivered, unless the grantor, or those claiming through him,

are estopped in some way from asserting the nondelivery of the deed."

Not to prolong this discussion, we conclude that the decision of the trial judge upon the law finds ample support both upon principle and authority.

*By the Court.*— The judgment of the circuit court is affirmed.