CORRY, Appellant, vs. SCUDDER and wife, Respondents.

*October 10—October 29, 1912.*

*Tax titles: Description of land: Certainty: Extrinsic evidence.*

1. Descriptions of land in tax proceedings must be given the same effect as descriptions in ordinary conveyances between grantor and grantee, and if they indicate the land intended with ordinary and reasonable certainty they may be aided in their application to specified property by reference to extrinsic facts and circumstances.
2. Thus, a tax certificate describing the land sold as all of a certain city lot except the part owned by a person named, is not void for uncertainty; and the exact boundaries of the part owned by said person may be shown by extrinsic evidence.

APPEAL from an order of the circuit court for Florence county: JOHN GOODLAND, Circuit Judge.    *Reversed.*

The amended complaint sets forth facts of four alleged causes of action, each based upon a tax certificate covering the same piece of ground, described in the first paragraph of the complaint as "Lot one (1) of H. Bentley's 3rd Addition to

the village (now city) of Marinette," except a part thereof, which is alleged to be described by the metes and bounds stated in the complaint.

The descriptions in the several certificates are as follows: "All of Lot 1, H. Bentley's 3rd Add. to City of Mar., ex. pt. owned by B. F. Simpson, now W. B. Quinlan;" "Lot 1, H. Bentley's 3rd Add. to Vil. of Marinette (part not owned by B. F. Simpson);" "All of Lot 1, except part owned by W. B. Quinlan, H. Bentley's 3rd Add.;" "All of Lot 1, H. Bentley's 3rd Add., except part owned by W. B. Quinlan." The identity of the land described in the several certificates, the facts regarding the ownership of the part excepted, and the ownership of the balance by the defendants, and the facts regarding notice to the defendants that the certificates were outstanding and about to outlaw, that a demand had been made that the defendants redeem or purchase them, and notice, in case of refusal, that the plaintiff would commence foreclosure proceedings, and the defendants' refusal, are alleged. The plaintiff demands judgment for the amounts due him under these certificates, with expense of sale and interest, and judgment of foreclosure and sale of the defendants' interest in such parts of the land as may be required to be sold to satisfy the demand.

The defendants demurred to the complaint upon the ground that it appears on the face thereof (1) that several causes of action have been improperly united; (2) that sufficient facts are not stated therein to constitute a cause of action.

This is an appeal from the order of the court sustaining the demurrer to the complaint.

For the appellant there were briefs by *Sanborn, Lamoreux & Pray,* and oral argument by *A. T. Pray.*

*Henry T. Scudder,* for the respondents.

SIEBECKER, J.     The complaint sufficiently alleges that the plaintiff is the owner of the several alleged tax certificates and

that they are on the same tract of land. These allegations, if the allegations are sufficient in other respects, authorize her to include in one action of foreclosure of them all the certificates she holds upon the same tract of land. Sec. 1181, Stats. (Supp. 1906: Laws of 1899, ch. 337). This is sufficient to negative the first ground of demurrer, namely, that several causes of action have been improperly united in one complaint.

The ground of demurrer urged in defendants' behalf, and before this court, is that each of the several alleged causes of action in the complaint fails to state facts sufficient to constitute a cause of action. This is based on the claim that all the tax certificates, on which plaintiff rests her claim, fail to describe any land with sufficient definiteness to give the plaintiff as holder of such certificates a lien on the land. The several descriptions are copied into the foregoing statement. From a comparison of them it will be observed that they all refer to "Lot 1, H. Bentley's 3rd Add." to Marinette, and that the tax sales all pertained to this lot and embraced all of it "ex. pt. owned by B. F. Simpson, now W. B. Quinlan," "part not owned by B. F. Simpson," or "except part owned by W. B. Quinlan." No point is raised as to the sufficiency of the complaint under this ground of demurrer, aside from the one that the descriptions of the alleged parcel of land are so defective that they fail to describe any land. Sec. 1047, Stats. (1898), provides:

"In all assessment and tax rolls, and in all advertisements, certificates, papers, conveyances or proceedings for the assessment and collection of taxes, and proceedings founded thereon, . . . any descriptions of land which shall indicate the land intended with ordinary and reasonable certainty and which would be sufficient between grantor and grantee in an ordinary conveyance shall be sufficient."

This statute has been applied in numerous cases, wherein it is held that descriptions in tax proceedings must be given the same effect as descriptions in ordinary conveyances be-

tween grantor and grantee, and if the descriptions indicate the land intended with ordinary and reasonable certainty they may be aided in their application to specified property by reference to extrinsic facts and circumstances.

"Where the language in the description of the land conveyed, or excepted from the conveyance, is otherwise doubtful, a practical location by the agreement, acts, conduct, or declarations of the parties concerned, followed by adverse and exclusive possession, is sufficient to remove the doubt and give certainty to the description." *Meade v. Gilfoyle,* 64 Wis. 18, 24 N. W. 413.

"This is on the theory that the law will not declare a description void for uncertainty when the light which contemporaneous facts and circumstances furnish renders it definite and certain." *Murphy v. Hall,* 68 Wis. 202, 31 N. W. 754. In this last case a description, "Part 5 of lot 4 of section 20, town 28 north, of range 22 east," without reference to any record, plat, or description, or other extrinsic evidence to enable a court to ascertain the property, was held void for uncertainty. This was necessarily the result, since nothing in the description could be referred to by which the land could be ascertained. In *N. Boyington Co. v. Southwick,* 120 Wis. 184, 97 N. W. 903, the assessment roll described the part excepted from lot 7 as "a piece 10 ft. by 25 ft. out of the southwest corner." This was assailed as void for indefiniteness and uncertainty, but the court held:

"The uncertainty as to the parcel excepted could easily be made certain by reference to the Prentice deed, or by inference from contemporaneous conditions, such as the occupancy by Prentice of a particular piece answering the description."

In *Scheiber v. Kaehler,* 49 Wis. 291, 5 N. W. 817, a tax deed was assailed as void for indefiniteness in description of the land, which was described as "one quarter-acre ($\frac{1}{4}$) in the south half of northeast quarter, bounded north, west and south by H. Krohn's land, east by milldam and Cedar creek,"

in section 9, etc.   As to the sufficiency of this description in
the tax deed the court observed:

"It is not an uncertain description, unless it should appear
upon investigation that Krohn did not have any land in that
south half of the northeast quarter, which bounded a quarter-
acre not owned by him, on the north, west and south, and
which was bounded east by the creek and dam; but if, upon
investigation, a quarter-acre should be found so bounded, and
not owned by Krohn, then the quarter-acre would be located,
and the description made perfect."

It will be observed that to make this description certain
resort was had to extrinsic evidence to ascertain the land
owned by Krohn and the boundaries and location of the land
embraced in this deed.   From these adjudications it is mani-
fest that the statute has been liberally construed and a wide
latitude has been allowed in its application, by permitting
reference to extrinsic facts to ascertain with definiteness and
certainty what land the tax proceedings embraced.   The de-
scription in the instant case, in the first certificate, refers,
properly, to a platted addition to the city and designates and
covers all of lot 1, "ex. pt. owned by B. F. Simpson, now
W. B. Quinlan."   In the *Scheiber Case* the exception re-
ferred to lands owned by Krohn, and it was held that a de-
scription of land in a tax proceeding which was described as
bounded by land owned by a third person does not render the
description void on its face for uncertainty, and that a refer-
ence to extraneous facts and circumstances, locating the land
referred to by land owned by such third person, was proper
to make it certain.   And so here, if the description can be
made certain by such evidence, the portion of lot 1 referred
to in the proceeding could be located and the description made
definite and certain.   The complaint alleges a certain and
definitely described piece of land as being the part excepted
from lot 1 embraced in the certificate and as lying within
fixed lines and metes and bounds.   If the evidence on the
trial sustains these allegations, then the calls of the statutes

are fully met and satisfied. In the light of the adjudications the facts alleged in the complaint are sufficient to constitute a good cause of action to foreclose each of the tax certificates described therein, and the court erroneously sustained the demurrer to the complaint.

*By the Court.*—The order appealed from is reversed, and the cause is remanded with directions to the trial court to enter an order overruling the demurrer, and for further proceedings according to law.