PUSCH, Administrator, Appellant, vs. PUSCH, Respondent.

*December 2, 1929—January 7, 1930.*

348

The cause was submitted for the appellant on the brief of *Russell & Goetz* of Hartford, and for the respondent on that of *Sawyer & Gehl* of Hartford.

ROSENBERRY, C. J. Questions presented on this appeal involve mainly the question of whether or not the evidence sustains the findings of the trial court with respect to the amount given to the defendant by the father. No useful purpose would be served by setting out in detail the evidence which supports this finding. A careful review of the record convinces us that the court applied the proper principles of law to the evidence in arriving at its conclusion and it cannot be said the court's findings are against the great weight and clear preponderance of the evidence, and the findings must therefore be approved.

However, it is claimed in the brief that the court allowed interest from the 2d day of September, 1926, being the date upon which the father died. If the defendant was liable, he was liable as the agent of the father. There is no evidence that any demand was ever made upon him for the return of the securities prior to the death of the father. At the date of the father's death he was liable to account to his father's estate for principal and such interest as he had received upon the securities found by the court to belong to the father or was lost by reason of his failure to perform his duty as agent, and an accounting should have been made upon that basis. He was not liable to the administrator as for a conversion under the circumstances of this case. He was liable as agent of the father to account to the plaintiff for the property in his hands belonging to the estate of the father, including interest. Because there was not a proper accounting as to interest the judgment must be reversed with directions to the trial court to state the account with respect to interest on the basis herein indicated and enter judgment accordingly. The judgment in all other respects is affirmed. No costs allowed either party; respondent to pay the clerk's fees.

*By the Court.*—It is so ordered.