WILLIAMS, Plaintiff, vs. JENSEN and others, Defendants: DIXON and wife, Appellants, vs. DAVIDSON, Respondent.

*May 1—June 11, 1930.*

*O. R. Moyle* of Union Grove, for the appellants.

For the respondent there was a brief by *Weisman & Jorgensen* of Racine, and oral argument by *Jacob M. Weisman.*

Fritz, J. The complaint and cross-complaints of the second and third mortgagees alleged that subsequent to the execution of the mortgages, in and by a deed conveying a fractional interest to J. Hyman Davidson and Edward Davidson, his brother, they and two other grantees under other deeds had agreed and assumed to pay all of the mortgage indebtedness. Those allegations were admitted in a joint answer which the four grantees verified and filed. Two months later J. Hyman Davidson, appearing by other counsel, filed an amended answer denying that any conveyance was made to him, and alleging that his name was inserted in the deed as co-grantee without his knowledge or consent; that he never claimed any interest thereunder or received any benefit thereby; that the deed was never delivered to or accepted by him; and that he was not informed that his name was inserted therein until his brother and the other grantees agreed to convey to a new purchaser; that he then disclaimed any interest and refused to participate in the transaction, and objected to the use of his name; that the other grantees finally persuaded him to join in signing a deed so as to clear the cloud on the title, and to enable the proper conveyance of the property; and that he never assumed or agreed to pay any of the mortgages.

The facts thus alleged in respondent's amended answer the learned circuit judge found to be true; and also found that the original answer, in which the respondent had joined

with others, was inadvertently signed by him as his answer, at the suggestion of his former counsel, under a misconception of the effect of the language, and without intending thereby to admit any connection or participation by respondent as a purchaser, grantee, or owner of the property. Upon those findings the court concluded that respondent was not estopped from denying the delivery to and acceptance by him of the deed in which his name had been inserted as grantee, and that he was not liable for any of the mortgage indebtedness.

Those findings are supported by credible evidence. As they are not against the clear preponderance of the evidence they must be approved. Neither the findings nor the conclusions of law can be disregarded or set aside in the absence of error in the application of proper principles of law to the evidence or the legal effect thereof. *Pusch v. Pusch,* 200 Wis. 347, 228 N. W. 476. We find no error in the respects assigned by appellants. The admissions in the first answer, in the filing and verification of which respondent had joined, were not conclusive, or binding upon respondent. When he filed his amended answer the original answer dropped out of the case as a pleading, so far as he was concerned. *Kersten v. Weichman,* 135 Wis. 1, 4, 114 N. W. 499. The allegations in the original answer, in so far as they admitted facts against his interests, constituted admissions which were merely evidence, which was admissible against him, and which, as evidence, was to be considered for what it was worth with all other facts and circumstances proven upon the trial.

"When . . . a writing ceases to be a pleading, by reason of presence of a substitute, it is of force only as is any other declaration of facts—as an evidentiary admission of such facts,—and its cogency to establish them varies according to many collateral circumstances, such as deliberation and care with which made, the clearness of comprehension of either the maker or the reporter of the statement, or, espe-

cially when emanating from an agent, the fulness of consultation with and disclosure from the principal. For these reasons it is, of course, proper to offer evidence of any such circumstances to guide the jury in deciding upon the weight to be given to the admission in comparison with any evidence conflicting therewith." *Schultz v. Culbertson,* 125 Wis. 169, 171, 103 N. W. 234. *Norris v. Cargill,* 57 Wis. 251, 256, 15 N. W. 148; *Folger v. Boyinton,* 67 Wis. 447, 449, 30 N. W. 715; *Lindner v. St. Paul F. & M. Ins. Co.* 93 Wis. 526, 531, 67 N. W. 1125; *Knickerbocker v. Beaudette Garage Co.* 190 Wis. 474, 478, 209 N. W. 763.

Likewise, there was no conclusive presumption that the deed in which respondent was named as grantee was ever delivered to or accepted by him. It is well established that—

"Acceptance by the grantee, either actual or presumed, is equally essential with a delivery on the part of the grantor. An acceptance is presumed in many cases, but the general rule is that the grantee's acceptance must be proved by some act, declaration, or circumstance." 4 Thompson, Real Property, § 3914; 8 Ruling Case Law, p. 1001.

"Acceptance is not presumed in case the deed imposes any burden or obligation upon the grantee, such, for instance, as the assumption of an existing mortgage upon the property. . . . So where the conveyance is in any way prejudicial or burdensome to the grantee, assent thereto will not be presumed." 4 Thompson, Real Property, § 3921; 8 Ruling Case Law, p. 1002.

Parol evidence was admissible to show that the deed had never been delivered to respondent (*Curry v. Colburn,* 99 Wis. 319, 74 N. W. 778), and also to prove that he never accepted the deed, or assented to an acceptance thereof.

On the other hand, when there has been no delivery to a grantee, and no assent by him to the acceptance of a deed on his behalf, and he, upon being informed of a deed to him, refuses to accept it, but merely executes a deed for the sole purpose of reconveying the title, such reconveyance is not a recognition of the deed to himself, or an acceptance thereof, and he does not render himself liable under a clause therein

reciting his assumption of a mortgage. *Best v. Brown*, 25 Hun, 223; 4 Thompson, Real Property, § 3921.

The fact that the deed which the true owners executed to convey to the new purchasers, and in which respondent joined solely to remove the cloud on the title, which resulted from the unauthorized use of his name, contained a covenant for the benefit of the new grantees, that the grantors were well seized of the premises as of an indefeasible estate, etc., does not, in view of the facts which were found by the trial court and the principles of law as heretofore stated, necessitate the conclusion that the respondent thereby ratified the use of his name as grantee, or that the respondent has become estopped, as against the appellants, to assert that he never assumed or agreed to pay the mortgage indebtedness. It does not appear that appellants had any knowledge of the deed in which respondent's name was used as a grantee, or of the deed in which he joined to divest himself of title; or that appellants in any way altered their position for the worse in reliance upon any conduct of respondent. That essential element of estoppel is entirely lacking in this case. The record fails to show any conduct on the part of respondent, of which appellants had any knowledge, because of which they were misled or induced to do or refrain from doing anything prior to the commencement of this action which was to their disadvantage, and which they would not otherwise have done. "A change of position by one in reliance upon the conduct of another is essential to create an estoppel *in pais.*" *Zwietusch v. Luehring*, 156 Wis. 96, 113, 144 N. W. 257; *Kitch v. Northwestern Nat. Ins. Co.* 189 Wis. 378, 207 N. W. 716.

*By the Court.*—Judgment affirmed.