## RUSSELL v. SUPERIOR JOURNAL CO. et al.

### No. 29.

District Court, W. D. Wisconsin.

Oct. 27, 1942.

———◆———

James J. Conroy and Crawford & Crawford, all of Superior, Wis., for defendant Mary E. Baxter.

Powell & Sprowls and John Sprowls, all of Superior, Wis., for plaintiff.

STONE, District Judge.

On July 22, 1942, plaintiff above named, through his attorneys, Messrs. Powell and Sprowls, served notice on defendants that he would apply to this Court for an order confirming the Marshal's report of sale in the foreclosure proceedings in said action, and that a deficiency judgment in the amount of $10,801.80 was claimed against the defendant, Mary E. Baxter. The defendant, Mary E. Baxter, appearing by and through her attorneys, James J. Conroy and Messrs. Crawford and Crawford, opposed said application, and moved the Court for a summary judgment, under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, denying said application for deficiency judgment against her. In support of said motion for summary judgment, defendant has filed the affidavits of Mary E. Baxter, S. A. Buchanan and James J. Conroy. In opposition thereto, plaintiff filed the affidavits of John Sprowls, plaintiff's attorney, and Rufus Stephenson, the agent and representative of plaintiff.

From said affidavits and the records herein, it appears that on March 21, 1929, Donald G. Russell of Seattle, Washington, conveyed the real estate described in the complaint herein to Leslie G. Ross and Sidney A. Buchanan of Superior, Wisconsin; that on April 1, 1929, said grantees executed and delivered to said grantor a mortgage on said premises to secure the payment of the sum of $22,500. That on the 12th day of November, 1929, the said grantees, Ross and Buchanan, conveyed said premises to the Superior Journal Company, a corporation, and that said deed of conveyance contained the following provision:

"That at the time of the ensealing and delivery of these premises they are well seized of the premises above described as of a good, sure, perfect, absolute and indefeasible estate of inheritance in the law, in fee simple, and that the same are free and clear from all incumbrances whatever, except as hereinabove stated and subject also to mortgages now of record, which encumbrances the grantee assumes and agrees to pay as part of the purchase price of said property."

That thereafter, on April 1, 1930, the Superior Journal Company conveyed said premises to Emma F. Baxter and Mary E. Baxter as joint tenants, and not as tenants in common, *which deed was recorded on July 10, 1931*. That said deed contained a recital that the grantor, Superior Journal Company, was "well seized of said premises * * * in fee simple, and that the same are free and clear from all incumbrances whatever, except as hereinabove stated and subject also to mortgages now of record, which mortgages and encumbrances the grantees assume and agree to pay as part of the purchase price of said property."

On October 8, 1940, plaintiff commenced an action to foreclose said real estate mortgage and asked for a deficiency judgment against the defendant, Mary E. Baxter, alleging in said complaint that she was personally liable therefor. Said defendant appeared in said action by her attorney, James J. Conroy, and on October 31, 1940, served and filed her answer to the complaint in which she denied that she assumed and agreed to pay the said mortgage indebtedness, and alleged that if, by operation of law, she had assumed said mortgage indebtedness, the plaintiff's alleged claim

against her was barred by the Statute of Limitations.

The only material issue contested by the parties in said foreclosure proceedings was one relating to whether or not the printing presses located on said premises were fixtures and a part of the real estate. Defendant, Mary E. Baxter, offered no evidence relative to her alleged liability. At the close of the testimony, the Court found and filed its Findings of Fact and Conclusions of Law which were in part as follows:

"Findings of Fact * * *

"X.

"That said Superior Journal Company, by Warranty Deed dated April 1, 1930, recorded in the office of said Register of Deeds July 10, 1931, in Book 170 of Deeds, page 450, duly conveyed said mortgaged premises, including said fixtures, to Emma F. Baxter and the defendant, Mary E. Baxter, as joint tenants and not as tenants in common, but subject to said mortgage, which mortgage said Emma F. Baxter and the defendant, Mary E. Baxter, duly assumed and agreed thereby to pay as part of the purchase price of said premises. That said Emma F. Baxter died July 1, 1934, leaving said Mary E. Baxter surviving, and that the latter became the owner of said mortgaged premises by right of survivorship as a joint tenant."

"Conclusions of Law * * *

"II.

"That the defendant, Mary E. Baxter, duly assumed and agreed to pay said mortgage indebtedness, and that she thereby became personally liable to the plaintiff for the payment of the amount of his mortgage lien as hereinbefore found, and that said judgment shall provide that she shall be personally liable for the payment of any deficiency which may remain upon the sale of said mortgaged premises."

The judgment entered on May 23, 1941, in favor of plaintiff and against the defendants provided for a foreclosure and sale of said premises to satisfy the alleged claim of the plaintiff against the defendants in the sum of $21,778.47. The premises were sold at foreclosure sale by the United States Marshal on July 15, 1942, for $12-500, which, in the Court's opinion, was much less than the actual value of said premises. That thereafter, on July 22, 1942, plaintiff, as aforesaid, filed his motion with this Court for a deficiency judgment against the defendant, Mary E. Baxter, in the sum of $10,801.80.

It now appears, from the affidavits filed herein, that defendant, Mary E. Baxter, is aged and infirm, now being eighty-three years of age; that she lived with her brother, F. A. Baxter, now deceased, and her sister, Emma F. Baxter, now deceased, during their lifetime, and until their death performed what household duties she was able to perform; that her activities during most of her lifetime were confined mainly to the care of her home; that she had no business experience. That after the foreclosure proceedings were commenced, the defendant's brother, now deceased, without consulting with and without any authority from the defendant, retained an attorney to prepare defendant's answer to said complaint. That at no time did he, or the attorney, consult her with reference to the foreclosure proceedings. They, and they alone, assumed the responsibility of preparing the defendant's defense to said action. Said counsel and agent failed to submit to this Court a complete and proper presentation of all facts surrounding the alleged liability of the defendant. That said failure was due to the negligence and mistake of counsel and said agent. Proof of the facts withheld would have conclusively established the non-liability of the defendant herein.

Not until the filing of this motion for summary judgment did this Court learn the true facts surrounding the execution and delivery of said deed. It now appears to the satisfaction of the Court that the name of the defendant, Mary E. Baxter, was inserted in the said deed, without her knowledge or authority; that said deed was never delivered to, accepted or recorded by her; that there was no consideration for the execution of said conveyance. That defendant never executed the note or mortgage described in the complaint, never assumed the payment of said indebtedness, nor became personally liable to plaintiff therefor; that she never had possession or control of said premises, or obtained any profit, use or benefit therefrom. That from the time of the execution of said deed, the said premises remained in the control and possession of said Ross and Buchanan and the Superior Journal Company.

Section 278.04 of the Wisconsin Statutes provides in part that foreclosure

complaints may demand judgment for any deficiency that remains due against every party who is *personally liable*. The mere recording of a deed which contains a clause imposing upon the grantee, without his knowledge, personal responsibility for the payment of an existing mortgage indebtedness, imposes no liability on said grantee. Curry v. Colburn, 99 Wis. 319, 74 N.W. 778, 67 Am.St.Rep. 860. In that case the Court said (page 320 of 99 Wis., page 778, of 74 N.W.): "Like every other contract, there must be a meeting of the minds of the contracting parties—the one to sell and convey, and the other to purchase and receive—before the agreement is consummated. * * * A deed never becomes operative until it is delivered with the intent that it shall become effective as a conveyance."

■ That parole evidence is admissible to prove that a deed was never delivered is elementary. Gibbons v. Ellis, 83 Wis. 434, 53 N.W. 701; Wanta et al. v. Perszyk et al., 207 Wis. 282, 240 N.W. 183, 241 N.W. 377. In Dixon v. Davidson, 202 Wis. 19, 231 N.W. 276, the deed in issue contained an agreement to pay an existing mortgage indebtedness. Defendant denied he assumed said indebtedness, and claimed that the deed was never delivered to or accepted by him, and that he was not informed that his name was inserted therein until his brothers and other grantees agreed to convey to a new purchaser; that he then disclaimed any interest and refused to participate in the transaction, and objected to the use of his name; that he never assumed or agreed to pay any of the mortgage indebtedness. The Court found the facts to be true and held that while an acceptance is presumed in many cases, the general rule is that the grantee's acceptance must be proved by some act, declaration or circumstance; that an acceptance is not presumed if it imposes any burden or obligation upon the grantee, such, for instance, as the assumption of an existing mortgage on the property.

In Consolidated Realty Co. v. Dunlop, 72 App.D.C. 273, 114 F.2d 16, 18, plaintiff sought a deficiency judgment in foreclosure proceedings. In that case the Court said: "But where the agreement to assume the debt is denied, and the circumstances under which the deed was executed and recorded show no actual knowledge of the existence of the assumption clause or any antecedent agreement to that effect, there was an issue of fact whether Galliher actually agreed to be bound, and the judge's finding against such an agreement, supported by the evidence, is conclusive on appeal."

■ The assumption clause does not prove a personal promise or obligation to pay the debt of a third party in absence of proof that she actually accepted the deed with knowledge of the assumption clause or at least under such circumstances that she was bound to know its purport and legal effect. A clause of that character in such an instrument is, properly speaking, no part of the grant. It is a collateral undertaking, personal in its nature, and not relating to the land.

■ Defendant contends that if defendant had in fact assumed and agreed to pay the mortgage indebtedness, she would nevertheless be not liable, because the plaintiff's claim accrued more than ten years prior to the commencement of this action, and is barred by the Statute of Limitations. The deed under which plaintiff claims defendant is liable is an instrument under seal, but it is not the seal of the defendant and is, therefore, a simple contract insofar as defendant is concerned, and parole evidence is admissible to vary and contradict the terms thereof to show that it was never binding on the defendant. Bishop v. Douglass, 25 Wis. 696.

This action was in fact instituted more than ten years after the date of the commencement of defendant's alleged liability, which would have accrued (if the contract were valid and binding) on the date of the default in payment of the taxes on said premises in 1933, which rendered the whole amount of principal and interest due and payable at the option of the mortgagee without notice to mortgagor. The Statute of Limitations, Sec. 330.19 Wis.Stats., provides that actions on claims arising out of simple contracts are barred unless commenced within six years from date of the accrual of liability.

The Court finds there never was a valid agreement binding defendant to pay the said indebtedness, and there is, therefore, no necessity of passing on the question as to whether plaintiff's claim is barred by the Statute of Limitations.

■ To permit plaintiff to obtain a deficiency judgment against this defendant

would be contrary to equity and good conscience. The judgment was entered by the mistake of defendant's counsel and her agent, and without any fault or neglect of the defendant, Mary E. Baxter. There is no written law placing a limit upon the power of equity to remedy and redress wrongs, neither is there any want of power in that regard in the written law. It is the crowning merit of our system that, so far as power is concerned, it is as limitless as the capacity of man to wrong a fellow man. Laun v. Kipp, 155 Wis. 347, 145 N. W. 183, 5 A.L.R. 655. Equitable relief against an unconscionable judgment may be invoked not only in cases of fraud but also upon grounds of accident and mistake. Washburn Land Co. v. White River Lumber Co., 165 Wis. 112, 161 N.W. 547. The law will not permit wrong to be inflicted upon a litigant upon the ground that technicalities, forms or rules of procedure have not been observed where justice calls for equitable relief. An equity court's power is limited to securing justice in a particular case and preventing inequitable, unconscionable and shocking results. Rio-Fall River Union Bank v. Hollnagel, 234 Wis. 181, 290 N.W. 636; 7 Wis.D. 326. Equity suffers no wrong of sufficient gravity to be appreciated by the conscience of the chancellor to go without a remedy, if the application for relief is made seasonably and with clean hands. Boring v. Ott, 138 Wis. 260, 119 N.W. 865, 19 L.R.A.,N.S., 1080; 7 Wis.D. 344.

The defendant, Mary E. Baxter, is entitled to a summary judgment denying plaintiff's claim for a deficiency judgment; vacating and setting aside the Finding of Fact No. X, heretofore entered, that she duly assumed and agreed thereby to pay said mortgage indebtedness; and vacating and setting aside Conclusion of Law No. II:

"That the defendant, Mary E. Baxter, duly assumed and agreed to pay said mortgage indebtedness, and that she thereby became personally liable to the plaintiff for the payment of the amount of his mortgage lien as hereinbefore found, and that said judgment shall provide that she shall be personally liable for the payment of any deficiency which may remain upon the sale of said mortgaged premises."

Defendant's counsel may submit, within ten days, proposed Findings of Fact and Conclusions of Law in accordance with this opinion.