Estate of Witwer: Neiderhauser and others, Appellants, vs. Busenberg and others, Respondents.

*October 14—November 16, 1948.*

For the appellants there was a brief by *Lavern G. Kostner* of Arcadia, and oral argument by *M. L. Fugina* of Fountain City.

*C. E. Fugina* of Arcadia, for the respondents.

FAIRCHILD, J. The will of Bertha Witwer is ambiguous on its face in one respect. She designates her cousin Samuel Neiderhauser as one of her residuary legatees without specifying which one of two cousins bearing the same name she meant. Extrinsic evidence may be used to identify the person intended where the description of the beneficiary is ambiguous. *Will of McIlhattan,* 198 Wis. 518, 224 N. W. 713; *Will of Doerfler,* 225 Wis. 418, 273 N. W. 460; 2 Page, Wills (2d ed.), p. 2375, sec. 1418.

The trial court found that Samuel Neiderhauser of Danville, Ohio, was the intended beneficiary. The rule is well settled that the findings of the trial court will not be overturned unless they are against the great weight and clear preponderance of the evidence. *Corry v. Scudder,* 151 Wis. 104, 138 N. W. 68; *Pusch v. Pusch,* 200 Wis. 347, 228 N. W. 476; *Dixon v. Davidson,* 202 Wis. 19, 231 N. W. 276; *Flambeau River L. Co. v. Chippewa & F. Imp. Co.* 204 Wis. 602, 236 N. W. 679.

There existed three sources of evidence by which the trial court was aided in reaching his decision as to the intent of the testatrix in the particular under consideration:

(1) The testimony of Mr. Comstock, the lawyer who drew the will, and Bertha Roesch, close friend of the testatrix.

(2) A small notebook in which testatrix had listed her relatives including both Samuel Neiderhausers. There were checks near certain names in the book. Samuel Neiderhauser of Columbus, Ohio, was checked, but not Samuel Neiderhauser of Danville. The presence of the check marks is explained in Mr. Comstock's testimony referred to later.

(3) A sheet of paper on which, the day before she made her will, the testatrix had Bertha Roesch set down the names of those who were to share in her estate. On this sheet only one Samuel Neiderhauser appeared and after his name Danville, Ohio, had been written.

The two exhibits were offered in evidence and were related to the execution or framing of the will by the testimony of Mr. Comstock, the scrivener. Mr. Comstock testified that on the day he drew the will, testatrix had with her the notebook containing the names of her relatives. On the list were the names of both cousins Samuel Neiderhauser. As testatrix told him who was to receive shares of her estate he put a check mark above the name in the book. He put a check against the name of the Samuel who lived in Columbus. He remembered that the testatrix had been concerned about Samuel Neiderhauser. He testified: "She said she wanted to give this to Samuel Neiderhauser who lived away from where the other of her cousins lived, and who lived at Columbus, Ohio."

The other exhibit was the memorandum prepared for the purpose of assisting in making the will. In it the names of those who were to share in Miss Witwer's estate were set down. This memorandum was written at the request of testatrix by Bertha Roesch, a close friend, on the day before the execution of the will. On this paper the name of Samuel Neiderhauser of Danville, Ohio, appeared. Mr. Comstock testified that he had the sheet of paper on which testatrix had listed the persons to whom she would bequeath her property

but said that it was not used in finally determining who should be named in the will. He also testified that he had written "cousin" after the name of Samuel Neiderhauser, Danville, Ohio, on that sheet.

It further appears that testatrix included as a group all the brothers and sisters of Samuel Neiderhauser of Danville. The Columbus Samuel Neiderhauser had several brothers and sisters but none of them were included. All these facts indicated an association in the mind of the testatrix with the family to which the Danville Samuel belonged differing from that which existed in the case of the other branch.

Mr. Comstock says that he must have known that there were two Samuel Neiderhausers. Then either he made a mistake in checking the one from Columbus in the notebook or he neglected to change Danville to Columbus on the memorandum when he wrote "cousin" there after the name of Samuel Neiderhauser. It clearly appears from this memorandum that the intent of the testatrix was to include Samuel Neiderhauser of Danville and not Samuel Neiderhauser of Columbus. Other than the uncertain testimony of Mr. Comstock there is nothing to suggest that testatrix changed her mind between the time she had Mrs. Roesch write the memorandum she intended to use in framing her will and the next day when she made her will. There are no circumstances which indicate any intervening reason or occasion to change her mind.

Under the evidence it is considered that the learned trial court was justified in ruling that there had been a mistake made in checking the name of Samuel Neiderhauser, Columbus, in the notebook and that the testatrix intended to favor the heirs of her Danville cousin.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., took no part.