## Hames v. Harris.

1. PRACTICE IN SUPREME COURT: *Instructions: Harmless error.*

   Where the court refuses an instruction which is appropriate to the cause, but the verdict of the jury shows that such instruction would not have influenced their finding, the party who requested it has not been prejudiced and the judgment will not because of such refusal, be reversed.

2. EJECTMENT: *Title by constructive adverse possession: Immaterial instruction.*

   The plaintiff brought ejectment for a tract of land containing forty acres to which he claimed title by adverse possession, alleged to have been taken and maintained for the statutory period, under a parol purchase. But his *actual* possession was limited to four acres of the tract which was in cultivation—the rest being uninclosed wood-land—and the testimony did not tend to show any visible, notorious act, manifesting an intention to hold any other part of it. The court instructed the jury, that if they believed the plaintiff's theory of the case, they could consider the parol purchase for the purpose of ascertaining the character, but not the extent, of his holding, and that if they believed he had been in the actual possession of only the cultivated land: he could recover no more. The verdict was for the defendant. *Held:* That the plaintiff having claimed *constructive* possession of the whole tract by the *actual* possession of four acres of it, and the verdict being against him as to the four acres, the correctness of the court's charge as to the residue, is not material, since the plaintiff was not injured by the instruction even if his theory of the law is right.

APPEAL from *Yell* Circuit Court.

G. S. CUINNINGHAM, Judge.

### STATEMENT.

This was an action of ejectment to recover a tract of land containing forty acres, the title to which the plaintiff claimed to have acquired by adverse possession. His complaint alleged that in 1872 Lucinda Murphy, who then owned the land sold it to him by parol for the sum of $200, one-half of which was paid at the time of the sale, and the balance in 1876; that pursuant to such purchase the possession of the land was delivered to him by his vendor and that he held it continuously and adversely until the beginning of the year 1885. The testimony on his part tended to prove the alleged purchase and payment of purchase money; that since the time of the sale he had claimed to be the owner of and paid taxes on the entire tract, and that no other person had claimed to own it until

about the time this suit was commenced, but that his actual possession had been confined to about four acres of the land which was in cultivation, the rest being unimproved, and that he cultivated said four acres in 1872, and in each succeeding year until and including the year 1879. The plaintiff's testimony also showed that Lucinda Murphy died in 1876 and that he was the executor of her last will. The defendant by his answer denied the purchase and possession alleged in the complaint and claimed title derived from the devisees of Lucinda Murphy. He also pleaded the statute of limitations. The testimony on his part tended to prove that the plaintiff paid nothing to Lucinda Murphy on the purchase price of the land, and held it after her death either as her executor or as the tenant of her devisees.

There was a trial by jury which resulted in a verdict and judgment for the defendant and the plaintiff appealed.

*Jaccoway & Jaccoway,* for appellant.

1. Delivery of possession and payment of the purchase money under a verbal contract for the sale of real estate takes the case out of the statute of frauds. And an entry and possession of a part of the land under claim or color of title is an adverse constructive possession of the whole, and when so held for the period of limitation gives title to the whole. 30 *Ark.* 249 ; 8 *Id.* 272 ; 1 *Id.* 418 ; *Angel on Lim., 6th Ed. sec* 405, *p.* 421, *notes* 4 *and* 5 ; 3 *Am. Dec.* 227 ; 3 *Wash. on Real Prop.* 4th *Ed. top p.* 124 ; 35 *Miss.* 504 ; 39 *N. H.* 104 ; *Ib.* 281 ; 27 *Iowa* 503 ; 34 *Ark.* 598 ; 5 *Metc.* 173 ; 8 *Con.* 589, 596–7.

Actual residence or enclosure not always requisite to constitute adverse possession. 3 *Wash. Real Prop.* 4th *Ed. top p.* 134. \**p.* 489.

Title by possession for the full period of limitation, under such circumstances as would make a valid defense, amounts

to an investiture of title which may be actively asserted in all respects as effectively as if acquired by deed. 34 *Ark.* 534; *Ib.* 547; *Ib.* 598; 40 *Id.* 237; 33 *Id.* 150.

*J. B. Crownover*, for appellee.

Appellant claiming title by adverse possession *without color* of title, he could not possibly have recovered more than the four acres enclosed and cultivated by him. 30 *Ark.* 655; 38 *Id.* 193; 43 *Id.* 487.

But the jury found that he had not been in possession of the four acres, much less the whole tract, and the instruction of the court if erroneous, did not prejudice him.

COCKRILL, C. J. The appellant, who was the plaintiff below, contends that when the owner of a tract of land sells it by parol and lets the vendee in possession, the disseisin of the vendor is established and continues as to the whole tract as long as the vendee maintains the actual possession of a part of it; and that the latter's possession of a part under a claim of the whole is then a constructive adverse possession of all.

The circuit court refused to adopt that view, but charged the jury that if they believed the plaintiff's theory of the case, they could consider the parol purchase for the purpose of ascertaining the character, but not the extent of the holding, and that if they believed he had been in the actual possession of the cultivated land only on the tract, he could recover no more.

The testimony did not tend to show that he had done any act that was visible and notorious to manifest an intention to hold any part of the land except about four acres which was enclosed and in cultivation. The question as to his claim of possession of this part of the tract was fairly submitted to the jury. As his possession of the rest of the tract was not actual, but [admitting his contention to be correct]

only drawn to or derived from the possession of the culti-vated part under his parol purchase, it follows as of course that if he could not maintain his claim as to that part he must fail as to the whole. But the verdict settles the question that he had not maintained the requisite possession of the cultivated land; that is, that there was no foundation to rest a claim of title to any part of it upon. If the verdict had been for the plaintiff for the cultivated land, the correct-ness of the courts charge as to the residue would be material. But when you deny, as the jury have done, his possession of the cultivated land, you leave him without a foot-hold any where. His injury by the court's charge is therefore not real but imaginary, even if his theory of the law is right.

Affirm.