STRICKLIN *v.* MOORE.

Opinion delivered February 20, 1911.

1. PUBLIC LANDS—PRESUMPTION FROM ISSUANCE OF PATENT.—Where the complaint alleges that a patent from the State was issued to a certain person, the presumption will be indulged that the officers of the State issued the patent to the proper person. (Page 33.)

2. HUSBAND AND WIFE—EFFECT OF CONVEYANCE BETWEEN.—A conveyance of land from a husband to his wife carries merely an equitable title to the land, he retaining the legal title as her trustee. (Page 33.)

3. EJECTMENT—EQUITABLE TITLE.—An equitable title is not sufficient to maintain ejectment unless there is also a legal right to possession. (Page 33.)

4. SAME—TITLE BY ADVERSE POSSESSION.—Title by adverse possession is sufficient to maintain ejectment. (Page 33.)

5. ADVERSE POSSESSION—TITLE OF LIFE TENANT.—The possession of a life tenant or of one who holds under him is not adverse to those who hold the reversion. (Page 34.)

6. EJECTMENT—TITLE BY ADVERSE POSSESSION.—A complaint in ejectment which alleges that plaintiff's mother held adverse possession of the land for one year, and that thereafter their father remained in possession as tenant by the curtesy for five years, when the father's estate was sold under execution and purchased by defendant, who held for 13 years until the father's death, shows title in plaintiffs by adverse possession. (Page 34.)

Appeal from Lafayette Circuit Court; *Jacob M. Carter,* Judge; reversed.

*D. L. King* and *Richard M. Mann,* for appellants.

1. Proof of death while in possession of land is *prima facie* proof of seizin in fee. 33 Ark. 150; 31 Ark. 334; 21 Ark. 62; 40 Ark. 108; 62 Ark. 51; 64 Ark. 100; 65 Ark. 422; 15 Cyc. 38; 39 N. W. 980. A complaint which alleges that plaintiffs are owners of the land and entitled to immediate possession thereof, and that defendant is in wrongful possession thereof, states a cause of action. 107 Pac. (Mont.) 819; 15 Cyc. 91; 74 Ark. 417; 79 Ark. 532; 44 S. W. (Ky.) 424; 128 S. W. (Ky.) 325. Title by plaintiffs acquired by adverse possession would give them *prima facie* right to recover. 2 Enc. Pl. & Pr. 587. For effect of existence of estate for life and remainder, see *Id.* 480. Allegation in the complaint of right to possession on the theory of estoppel on the part of defendant to dispute plaintiff's title, accompanied by a statement of facts relative to the title consistent with that theory,

states a *prima facie* cause of action and right to recover posses-
sion. 12 S. W. 796; 10 S. E. 974; 42 Am. Dac. 628; 77 *Id.* 647.
The assignee of a husband who holds as tenant by the curtesy
becomes, upon the death of the husband, a tenant at sufferance
and cannot dispute the title of the remaindermen except upon
surrendering possession. 77 Am. Dec. 647; Wood, Landlord &
Tenant, 22.

2.   The *prima facie* right of the plaintiffs to recover is not
defeated by the allegation in the complaint that defendant "claims"
as a defense an outstanding conveyance by deed and patent from
the common source to a third person, under which no claim has
ever been asserted nor possession taken by the grantee therein,
nor any one claiming under him, with which the defendant claims
no connection and against which the land has been adversely held
for thirty years.   15 Cyc. 68; 22 Ark. 79; 31 Pac. (Cal.) 936; 54
N. E. (Ill.) 149; 10 N. W. (Mich.) 347; 3 Am. Dec. (N. Y.) 500;
40 S. E. (W. Va.) 499; 6 Pet. 302, 8 Law. Ed. 406; 27 S. E. 255;
36 S. E. 367; 4 Am. Dec. 262; 38 Miss. 359; 77 Am. Dec. 646;
22 Ark. 79; 27 Mo. 405; 22 Ark. 51; 62 Ark. 51.   Even if there
were an outstanding title, the defendant in this case would be
estopped from asserting it as a defense.   As to title from common
source, see rule as stated in 15 Cyc. 66; also 10 Am. & Eng. Enc.
of L. (2 ed.) 491; 3 So. (Ala.) 618; 24 So. (Ala.) 888; 38 S. E.
(Ga.) 44; 1 S. W. (Mo.) 88; 38 Miss. 359, 77 Am. Dec. 646; 49
Am. Dec. (N. C.) 379; 44 Ark. 517; 41 Ark. 17; 58 Am. Dec.
(Ala.) 254.   Defendant, as assignee of W. N. Stricklin, who held
under plaintiffs, is estopped from disputing plaintiff's title.   10
S. E. 974; 42 Am. Dec. 628; 6 N. W. (Mich.) 868; 4 Am. Dec.
(N. Y.) 262; 30 So. (Ala.) 618; 5 So. (Ala.) 154; 12 S. W. 796;
20 Ark. 547; 126 S. W. (Ark.) 384.

*Henry Moore* and *Henry Moore, Jr.,* for appellee.

1.   Exhibits when filed become a part of the record, and wil.
control the averments of the pleadings. Newman, Pl. & Pr. 252;
29 Ark. 444; 33 Ark. 722; 36 Ark. 456, 462; 68 Ark. 263; 91
Ark. 400.

2.   From the facts presented in the complaint it is shown
that Mary D. Stricklin did not die seized and possessed of the
lands in question; and it also conclusively appears that she could

not have acquired title by adverse possession, and, such being the case, no title could vest in Wm. N. Stricklin as tenant by the curtesy.   47 Ark. 179.

3.   In ejectment the plaintiff must recover upon the strength of his own title; and if the legal title is in another, that is sufficient to defeat the plaintiff.   171 U. S. 437; 19 Ark. 201; 36 Ark. 462; 47 Ark. 217; *Id.* 413; 65 Ark. 610; 76 Ark. 163; *Id.* 529; 77 Ark. 244; *Id.* 478.

McCULLOCH, C. J.   The plaintiffs, Bryant L. Stricklin, W. W. Stricklin and Fuller Stricklin, instituted this action in the circuit court of Lafayette County against defendant Moore to recover possession of a quarter section of land alleged to be in the wrongful possession of said defendant.   The court sustained a demurrer to the complaint as amended, and, the plaintiffs declining to plead further, judgment was rendered against them.

Plaintiffs alleged in their complaint that they were the children and only heirs at law of Mary D. Stricklin, deceased; that their father, W. N. Stricklin, conveyed the land by deed, dated February 24, 1879, to his wife, the said Mary D. Stricklin, who died August 22, 1880, in peaceable possession of said land, claiming to be the owner under said deed executed to her by her husband; that after the death of Mary D. Stricklin their father, W. N. Stricklin, remained in possession of said land as tenant by the curtesy; that defendant Moore caused said land to be sold under an execution against said W. N. Stricklin, and purchased same at the sale and received a sheriff's deed dated July 8, 1895, and has since held possession of the land.   That W. N. Stricklin died November 11, 1908.

The plaintiffs further alleged that Mary D. Stricklin was, from the date of her deed, on February 24, 1879, in actual, peaceable, open and uninterrupted adverse possession of said land, claiming to be the owner under said deed, until the date of her death, and that from that date W. N. Stricklin remained in actual, open and uninterrupted adverse possession of said land, claiming the same as tenant by the curtesy of his deceased wife until July 8, 1895, a period of more than seven years, when defendant took possession of said land under said sheriff's deed executed to him.

The complaint contains the further allegation *that the defendant claims* that on March 23, 1880, said Mary D. Stricklin and

W. N. Stricklin conveyed said land to one S. B. LeMay by warranty deed, which had been duly recorded; that W. N. Stricklin assigned to said LeMay his certificate from the State of Arkansas on which said LeMay obtained from the State his patent to said lands April 1, 1880, but that said deed and certificate were never in fact delivered to LeMay, nor was possession of the land ever delivered to him, and that the latter never asserted any claim to said land.

It is not explained why the allegations last referred to were inserted in the complaint, but we presume that it was to anticipate the defense that the title is outstanding in LeMay.

Defendant invokes the well-settled rule that the plaintiff in ejectment must rely on the strength of his own title, and not on the weakness of his adversary's title. He insists that the plaintiffs show by the allegations of their complaint that the legal title is in LeMay, and that for that reason the demurrer was properly sustained. The alleged deed to LeMay is disposed of in the complaint by the counter allegation that the same was never delivered. It is also alleged that the W. N. Stricklin certificate was never delivered to LeMay, but it is not alleged that LeMay obtained possession of the certificate by fraud, and, according to the further allegations of the complaint, LeMay obtained a patent from the State. The presumption must be indulged that the officers of the State examined the facts and issued the patent to the proper person. *Osceola Land Co.* v. *Chicago Mill & Lumber Co.,* 84 Ark. 1.

The deed from W. N. Stricklin to his wife, Mary D., conveyed only the equitable title to the land, he retaining the legal title as her trustee. *Ogden* v. *Ogden,* 60 Ark. 70. If the assignment of the certificate by Stricklin to LeMay was subsequent to the deed to Mary D. Stricklin (the complaint being silent as to that date), the patent obtained thereunder passed the legal title to LeMay, subject to the equitable title of Mrs. Stricklin. An equitable title is not sufficient to maintain ejectment unless there is a legal right to possession. *Percifull* v. *Platt,* 36 Ark. 456. But the plaintiffs do not rely entirely on an equitable title, if it be conceded that the allegations are sufficient to set forth such title. They set forth title by adverse possession, which is sufficient to maintain ejectment. *Logan* v. *Jelks,* 34 Ark. 547; *Crease* v. *Law-*

*rence,* 48 Ark. 312; *Scott* v. *Mills,* 49 Ark. 266; *Hames* v. *Harris,* 50 Ark. 68.

The allegations of the complaint are that Mary D. Stricklin held the land adversely from the date of her deed in 1879 up to her death in August, 1880, and that her husband, W. N. Stricklin, held adversely as tenant by the curtesy from then until defendant became the purchaser of his title at the execution sale in 1895. The adverse possession of W. N. Stricklin as such tenant by the curtesy, coupled with the adverse possession of his wife, constituted an investiture of title in the heirs of Mary D. Stricklin, subject to the life tenancy of W. N. Stricklin. The possession of a life tenant cannot be adverse to those who hold the reversion *(Ogden* v. *Ogden, supra);* and, even though the adverse possession of Mary D. Stricklin had not ripened into title up to the time of her death, if her husband took and held possession as tenant by curtesy, he could not assert that his possession was adverse to the heirs so as to set the statute of limitations in motion against them. The title thus acquired by adverse possession became vested in the heirs, and not in him.

The same rule applies to the defendant, who was the purchaser of W. N. Stricklin's title; for, though the title became vested by limitation in the heirs, their right to the possession did not accrue until the expiration of the life estate of W. N. Stricklin, and the statute of limitation could not begin to run against them until then. *Griffin* v. *Sheffield,* 38 Miss. 359.

We are therefore of the opinion that the complaint stated a cause of action, and that the court erred in sustaining the demurrer. The judgment is reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings not inconsistent with this opinion.