[Civ. No. 969.    Second Appellate District.—June 22, 1911.]

G. FREAN MORCOM and W. B. JUDSON, Appellants, v. MARY E. BAIERSKY and JAMES WATSON, Respondents.

APPEAL FROM JUDGMENT AFTER SIXTY DAYS—SUFFICIENCY OF EVIDENCE NOT REVIEWABLE.—Where an appeal from the judgment has been taken more than sixty days after its entry, the sufficiency of the evidence to sustain the decision cannot be reviewed or considered thereon.

APPEAL FROM ORDER DENYING NEW TRIAL—RECORD NOT SHOWING GROUNDS OF MOTION—EVIDENCE AND ORDER NOT REVIEWABLE.— Upon an appeal from an order denying a new trial, where the record does not contain the notice of intention nor show the grounds of the motion or order, neither the evidence nor the order itself can be reviewed thereon.

ACTION TO QUIET TITLE TO CITY LOTS—BOUNDARY—EVIDENCE OF MAP—
    PRIMA FACIE CORRECTNESS.—In an action to quiet title to city
    lots, involving a question of boundary and the correctness of the
    northerly boundary line of the city, and whether its present location
    is identical with such boundary as originally established, a map
    offered, which is shown to have been the map of the original survey,
    and the *prima facie* correctness of which is established, was prop-
    erly admitted in evidence on the question of such boundary.

ID.—WEIGHT OF MAP AS EVIDENCE—QUESTION OF FACT.—The weight
    of the map as evidence was a question of fact, to be determined by
    the trial court.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order denying a new trial.
Walter Bordwell, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellants.

William M. Hiatt, and Edward M. Selby, for Respondents.

JAMES, J.—Action to quiet title to and for possession
of a certain lot of land in the city of Los Angeles. Judgment
was in favor of defendants. The appeal is from the judgment
and from an order denying a motion for a new trial, pre-
sented on a bill of exceptions. Insufficiency of the evidence
to justify the decision and the ruling of the trial judge in
admitting in evidence a certain map are urged as grounds
for reversal.

The appeal from the judgment was taken more than sixty
days after entry thereof; this appeal, therefore, was taken
too late to authorize this court to consider the question of the
sufficiency of the evidence to sustain the decision. (Code
Civ. Proc., sec. 939, subd. 1.) Nor can the evidence be re-
viewed to determine the question as to whether or not it is
sufficient to sustain the judgment, on the appeal from the
order denying the motion for a new trial. It is nowhere
shown in the record upon what grounds that motion was made.
For aught that appears, the ground of insufficiency of the
evidence may not have been urged in the court below at the
hearing of the motion. The transcript shows the order of
the court denying the motion for a new trial, wherein it is

stated that the motion was presented upon the grounds set
forth in the notice of intention on file, but this notice of in-
tention is not made a part of the record; nor does the order
of the court show that the motion was presented on the bill
of exceptions. Therefore, the decision in the case of *Will-
iams* v. *Hawley,* 144 Cal. 99, [77 Pac. 762], is in point, to
the effect that in a case where the record is in the state of
that which is here presented, the order made on the motion
for a new trial cannot be reviewed.

There is left to be considered, therefore, only as to whether
or not the trial court committed error in admitting in evi-
dence a certain map which was produced by the witness
Solano. The determination of the controversy between plain-
tiffs and defendants involved in part the question as to
whether or not the northerly boundary line of the city of Los
Angeles as now located is identical with that line as formerly
established. Defendants for a number of years had owned
and occupied lot 1 of what are called the Canal and Reservoir
Lands. The plaintiffs are the owners of lot 8 immediately ad-
joining and south of lot 1. For nearly fourteen years a hedge
of trees has stood along the south boundary line of lot 1 as
it was claimed by defendants to be located. Plaintiffs made
the claim that this hedge was located too far south and that
it included a portion of lot 8 owned by them. The point to
be established, therefore, in the case was as to the true loca-
tion of the boundary line between lots 1 and 8. As lot 1
shown upon the original plat was bounded on the north by
the north boundary line of Los Angeles city, as to whether
or not any change had been made in this north city boundary
line became an important matter of evidence in the case.
Some of the surveyors who testified at the trial located this
boundary line farther north than it is at present established,
and other surveyors testified that the line as at present estab-
lished was located practically at the same place as it previously
had been. Some of the latter witnesses testified to finding
rocks which appeared to have been placed by surveyors in
different situations at the north of the tract, and which rocks
indicated points at and near the north city boundary line as
it is at present located. The witness Alfred Solano was then
called to identify a map which the court afterward admitted
in evidence. The witness was a civil engineer, and he stated

that the map produced was a map made in about the year 1870
in the office of William Moore, a surveyor, by one Siebolt,
under the direction and from field-notes made by Mr. Moore;
that Siebolt was also a surveyor. The witness further stated
that he, in pursuance of his occupation as a surveyor, had
afterward checked up this map while running lines upon the
ground, and that he had found it to be correct, and that it
had been used as a reference map in the office for a good many
years. This map was the original map of the survey of the
Canal and Reservoir Lands as made by William Moore. The
witness testified that the recorded map was a copy taken from
that original, and that the copy did not show all of the data
that appeared upon the original; for instance, the original
map showed rock monuments placed at corners of lots where
the same abutted upon the street or intersected the north
boundary line of the city. The witness had not resurveyed
the particular lots the boundary line of which was involved in
this action, but he had checked over many of the remaining
lots and blocks in the tract, and testified that he was quite
positive that the map was correctly made from the field-notes
of William Moore. The value of this map as evidence in
favor of the defendants was largely by way of showing the
fact that rocks were placed in the original survey of the tract,
as monuments along the north city boundary line. This evi-
dence tended to corroborate the testimony of those surveyors
who located the present north city boundary line at the same
place it had been located at the time of the original survey
of the canal and reservoir lands. We think the court com-
mitted no error in admitting this evidence. The evidence of
the witness Solano was sufficient, in our opinion, to show
*prima facie* that the map correctly delineated the lines and
points marked thereon. The matter of the weight to be given
to the evidence, of course, was a question for the trial court.
It is not shown by the record as to whether or not William
Moore, and Siebolt, the draughtsman, were dead at the time
of the trial of the action, but if it was a fact that these men
who prepared the map were then dead, there would have been
ample ground to justify the admission of the evidence under
the authority of the decision in *Morton* v. *Folger et al.,* 15
Cal. 275. However, the witness Solano was a civil engineer,
had seen the map made, had checked over a large part of it

by actual surveys on the ground, and the map had been used as a reference map by surveyors for a good many years. Moreover, the witness testified that he was quite positive that it was correctly made, and this, we think, as before stated, established *prima facie* a sufficient foundation to authorize the admission of the map in evidence.

The judgment and order are affirmed.

'Allen, P. J., and Shaw, J., concurred.