[Civ. No. 1984.  Second Appellate District.—June 2, 1916.]

## FRED S. WHITCOMB, Respondent, v. CHASTINA M. WORTHING et al., Appellants.

DEED—CONVEYANCE BY WIFE TO HUSBAND—LIFE ESTATE.—A deed of grant by a wife to her husband providing that the property is conveyed to the latter "so long as he shall live, but at his death the said above-described property to revert to the heirs of the said party of the first part," followed by other general terms to the effect that all and singular the tenements, appurtenances, etc., were to pass "unto the said party of the second part, his heirs and assigns forever," passes only a life estate to the grantee.

ID.—CONSTRUCTION OF DEEDS.—Deeds are to be construed like any other contracts, and the intent of the parties arrived at by a consideration of the whole instrument and not of detached clauses.

ID.—PURCHASE OF LIFE ESTATE—ADVERSE POSSESSION—RUNNING OF STATUTE.—Title by adverse possession to property conveyed by such deed cannot be acquired by the purchaser of such life estate against the heirs of the original grantor during the lifetime of the grantee named in the deed, and the statute of limitations, therefore, does not begin to run against such heirs until the death of such grantee.

ID.—APPEAL FROM ORDER DENYING NEW TRIAL—GROUNDS OF MOTION—SUFFICIENCY OF RECORD.—Upon an appeal from an order denying a new trial, a review of the order is not precluded by reason of the omission to state the grounds of the motion or order, where the transcript shows that the appellants served and filed their notice of intention to move for a new trial, and such notice is set out with general specifications of error.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Tobias R. Archer, for Appellants.

George H. Woodruff, and Clyde C. Shoemaker, for Respondent.

JAMES, J.—Action to quiet title to a town lot located in the county of Los Angeles. Plaintiff had judgment from which certain of the defendants appealed. There was also an appeal from an order denying a motion for a new trial. This court heretofore dismissed the appeal from the judgment, and we have to consider questions presented by the motion for a new trial.

The appellants are heirs of Mary A. Gaylord, in whom title to the lot in question was absolutely vested in the year 1889. Subsequent to the year referred to said Gaylord became the wife of J. F. Twitchell. On December 3, 1891, she by deed conveyed to her husband four lots of land, which included the lot in question, and thereafter, on December 9, 1891, she died. The surviving heirs were her said husband and five children, among the latter these appellants. The deed given by Mrs. Twitchell to her husband in 1891 was, as to its general form, a deed of grant, with the usual preliminary recitations that the grantor did "give, grant, alien and confirm unto the said party of the second part, and to his heirs and assigns forever, all those certain lots, pieces or parcels of land situate," etc. A description of the property conveyed followed, and then occurred this clause: "Together with all water rights thereunto belonging, to the party of the second part, so long as he shall live, but at his death the said above described property to revert to the heirs of the said party of the first part." Other general terms followed to the effect that all and singular the tenements, appurtenances, etc., were to pass "unto the said party of the second part, his heirs and assigns forever." The question as to whether this deed passed a fee title or only a life estate is one of the propositions argued in the briefs, the importance of which will appear in our later statements. As we

construe the instrument, however, we are satisfied that the intent was to restrict the estate in the hands of Twitchell, the husband, with the result that the only interest acquired by him in the real property was one which terminated upon his death. Deeds are to be construed like any other contract and the intent of the parties arrived at by a consideration of the whole instrument and not of detached clauses. (*Firth v. Los Angeles Pacific Land Co.*, 28 Cal. App. 399, [152 Pac. 935].) Having announced this preliminary conclusion as to our construction of the deed given by Mrs. Twitchell to her husband, a further statement of the undisputed facts is as follows: On July 7, 1893, the lot in question was sold for the nonpayment of state and county taxes to S. M. Patten and a certificate of tax sale was issued to the purchaser. So far as the record shows, no tax deed was ever issued thereon. On August 14, 1895, J. F. Twitchell, the holder of the life estate, by quitclaim deed, conveyed his interest in the lot to the wife of Patten. It is not shown when the Pattens, or either of them, took actual possession of the lot, but it may be assumed that they did so in 1895, upon receiving the quitclaim deed from Twitchell. On April 21, 1896, the plaintiff purchased the lot from Patten and his wife, and took an assignment of the certificate of tax sale and also a quitclaim deed from the Pattens. This quitclaim deed contained the following clause: "This conveyance is made to release all claim which the said parties of the first part have to the above described property on account of the life interest in the same of J. F. Twitchell, a widower, which said interest was duly assigned to the said Jefferson Patten on the 14th day of August, A. D. 1895, and also to release all claims acquired by the said parties of the first part or either of them on account of any tax sales of the above described property prior to the date of this instrument." The plaintiff, upon receiving the assignment of the tax sale certificate and the quitclaim deed from the Pattens, entered upon possession of the lot and continuously thereafter farmed and cultivated the same and paid all taxes which had been levied and assessed since the year 1895. He claimed to be the absolute owner of the property, notwithstanding the fact in his quitclaim deed from the Pattens it was expressly stated that the intent was in part to transfer the estate which the Pattens had acquired "on account of the life interest" of

Twitchell. Twitchell died in February, 1912, and this action was commenced on October 7, 1912. No claim is made, and indeed none could be maintained, that title was acquired under the transfer of the certificate of tax sale. Twitchell during his lifetime possessed the right to use and occupy the property; therefore, his possession could in no case have been adverse to the claim of these appellants, the heirs of Mrs. Twitchell. Twitchell's grantee necessarily would be in no better situation with respect to that matter. The conclusion must necessarily follow that, so far as this plaintiff is concerned, or his immediate predecessors in interest, the Pattens, possession of the lot as against the title of the heirs of Mary Twitchell did not and could not begin to be adverse until the death of Twitchell, which occurred, as before stated, in February, 1912. The statute of limitations, the running of which would confer prescriptive title upon the plaintiff, was not therefore set in motion until Twitchell died. (*Mann* v. *Mann et al.*, 141 Cal. 326, [74 Pac. 995].) The plaintiff did not wait for the period to expire requisite to sustain a prescriptive title, but about eight months after the death of Twitchell brought this action. That the appellants may have prior to the trial of the action declared in an *ex parte* manner that they claimed no interest in the lot, was not an admission which would estop them from asserting title by pleading and proof, as they did in this action. There was a suit brought by Twitchell against the heirs to determine the respective rights in the lots included in the deed given Twitchell by his wife, which suit resulted in its being adjudicated that the interest granted was a life estate only. There was no determination made in that action as to the condition of the title to lot 23, that being the lot now in controversy. Twitchell therein alleged in his complaint that the lot was of "little or no value and which has been sold for taxes and not redeemed." The failure of the court to include this lot in its judgment in that action cannot be held to amount to a confirmation of the absolute title in Twitchell, or in the plaintiff or his predecessors in interest. There was simply a failure to determine the legal condition of the title—made, no doubt, for the reason that the parties assumed that the tax sale had foreclosed their rights in that property.

Objection is made that the ruling on the motion for a new trial should not be considered, in that the grounds of the

motion are not stated. It does appear on page 44 of the transcript, and as a part of the statement settled by the trial judge, that the appellants served and filed their notice of intention to move for a new trial, and such notice is set out with general specifications of error. In the case cited by respondent (*Morcom* v. *Baiersky,* 16 Cal. App. 480, [117 Pac. 560]), where this court declined to review the ruling on a motion for a new trial, the notice of intention did not appear in the transcript, nor were any of the grounds stated from which it could be determined what questions were before the trial court on the motion. The record here is not deficient in the same respects as was that in the case last cited. The decision in *Cross* v. *Mayo,* 167 Cal. 594, [140 Pac. 283], is an authority as to the sufficiency of a record like that here presented to authorize the court to review the order made on motion for a new trial.

For the foregoing reasons we conclude that the trial court was in error in its judgment and that the motion for a new trial should have been granted.

The order denying the motion for a new trial is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 31, 1916.