## Iseman et al. v. Iseman et al.

(Decided October 30, 1928.)

### Appeal from McCracken Circuit Court.

1. Adverse Possession.—Under petition by heirs, under Civil Code of Practice, sec. 490, subsec. 2, for sale of land and division of proceeds, containing general allegation of ownership by decedent, ownership may be sustained by proof of adverse possession without paper title.

2. Adverse Possession.—Title of real estate may be acquired by adverse possession, but to establish such ownership it is essential that land be in actual, notorious, exclusive, hostile, continuous, and adverse possession for period of 15 years next before bringing of action.

3. Adverse Possession.—Holding and enjoyment of land by adverse possession must be under claim of right, opposed to and inconsistent with claims of others.

4. Adverse Possession.—Where father recognized respective titles of his sons, and never asserted any more than right to collect rents during his life, and listed property for taxation in names of sons, father was not in adverse possession of property as against sons, and hence other heirs of father did not establish any title to land deeded to sons under deeds recorded for more than 20 years.

5. Life Estates.—Possession of life tenant is not adverse to the remainderman.

6. Adverse Possession.—Where life tenant's holding is not adverse, but amicable, to remainderman, possession of life tenant is, in contemplation of law, possession of remainderman.

W. A. BERRY for appellants.

C. C. GRASSHAM for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Michael Iseman was married three times. By his first wife he had two children, John Iseman and Antone Iseman. By his second wife he had two children, Emma West and Elizabeth Higgins. By his third wife he had five children, namely, Charles R. Iseman, J. H. Iseman, William Iseman, Ladessa McKinnon, and Mary Ware.

He died in 1926 testate, survived by his widow, Amanda L. Iseman, and all of his children, except one, Antone Iseman, who predeceased Michael Iseman and left surviving a widow, Clara Iseman, and one child, Emma Iseman. By his will Michael Iseman disposed of his property, providing by a residuary clause that any property not specifically disposed of was devised to Charles R. Iseman, J. H. Iseman, Emma West, Elizabeth Iseman, and John Iseman. The will is referred to in the petition and answer, but is not exhibited with either pleading.

This action was instituted by Charles R. Iseman, J. H. Iseman, Emma West, and Elizabeth Higgins against John Iseman and wife, the widow of Michael Iseman, and the widow and child of Antone Iseman, for a sale of several parcels of land and a division of the proceeds. Section 490, subsection 2, of the Civil Code, provides that a vested estate in real property, jointly owned by two or more persons, may be sold by a court of equity, if the estate be in possession and the property cannot be divided without materially impairing its value, or the value of plaintiff's interest therein. It was alleged in the petition that Michael Iseman, at the time of his death, was the owner and in possession of 13 parcels of real estate located in the city of Paducah, Ky., which passed to the plaintiffs and the defendant John Iseman under the residuary clause of the will of Michael Iseman, and that the property is now jointly owned by the parties and in their possession. Mrs. Amanda L. Iseman, the widow of Michael Iseman, was made a party, because a life estate in one of the tracts of land had been conveyed to her. Clara Iseman and Emma Iseman were made parties as the representatives of Antone Iseman, and were alleged to be in possession of a portion of the property claiming it as their own. The defendants denied that the plaintiffs owned or had any interest in the property, and it was asserted that some of the lots belonged to John Iseman, and the remainder of them to Antone Iseman, by virtue of several deeds, made many years before, which they exhibited.

The plaintiffs relied solely upon adverse possession of the property by Michael Iseman, and proved that during his life he had collected the rents upon each of the parcels of land in controversy. On the other hand, it was proven that Michael Iseman had stated to a number of people that the property belonged respectively to John and Antone Iseman, and that he merely had the right,

during his life, to collect the rents. The basis of his right to collect the rents does not clearly appear in the record, but his right to do so was not disputed during his lifetime. He listed the property for taxation and paid the taxes thereon. He did not list it in his own name, however, but the portion belonging to John Iseman was assessed in the name of John Iseman and Michael Iseman, and the portion deeded to Antone Iseman was assessed in the name of Michael Iseman and Antone Iseman.

The circuit court dismissed the petition, and the plaintiffs have prosecuted this appeal, insisting that Michael Iseman had established ownership of the property in controversy by adverse possession. Whilst the petition did not allege title by adverse possession, it contains a general allegation of ownership, which may be sustained by proof of adverse possession, without paper title. Asher v. Howard, 122 Ky. 178, 91 S. W. 270, 28 Ky. Law Rep. 1097; Ky. Block Fuel Co. v. Roberts, 207 Ky. 137, 268 S. W. 802; Jones Coal Co. v. Mays, 225 Ky. 365, 8 S. W. (2d) 626.

The title to real estate may be acquired by adverse possession; but, in order to establish such ownership, it is essential that the land be in actual, notorious, exclusive, hostile, continuous, and adverse possession for a period of 15 years next before the bringing of the action. Davis & Co. v. Sizemore, 182 Ky. 680, 207 S. W. 16.

It is necessary that the holding and enjoyment of the land shall be under a claim of right opposed to and inconsistent with the claims of others. Sackett v. Jeffries, 182 Ky. 696, 207 S. W. 454.

It is apparent from a mere statement of the rule that Michael Iseman was not in the adverse possession of the property here in controversy. He recognized the respective titles of John and Antone Iseman, and never asserted any more than the right to collect the rents during his life. The possession of a life tenant is not adverse to the remainderman. Fish v. Fish, 184 Ky. 700, 212 S. W. 586.

Where the life tenant's holding is not adverse, but amicable to the remaindermen, the possession of the life tenant is, in contemplation of law, the possession of the remaindermen. Shutt v. Shutt, 192 Ky. 98, 232 S. W. 405.

It is probable that the acts and conduct of Michael Iseman during his life were sufficient to show an adverse holding by him of a life estate. But it showed no more,

since he recognized the true owners in his listing of the property for taxation and by his declarations and conduct. He directed his agent, in collecting the rents, to keep the accounts separate and distinct, and pointed out to him the property that belonged respectively to John Iseman and Antone Iseman, and the agent kept the accounts as directed. The deeds to John Iseman and Antone Iseman were made many years before, and all of them had been on record for more than 20 years. The first deed was made in 1888, and the last one in 1900, and it is quite clear that the plaintiffs did not manifest by their proof any title to or possession of the land in controversy. The circuit court ruled rightly in dismissing the action.

The judgment is affirmed.