WANTA and others, Respondents, vs. PERSZYK and another, imp., Appellants.

*December 11, 1931—March 8, 1932.*

For the appellants there were briefs by *Quarles, Spence & Quarles,* attorneys, and *Howard T. Foulkes* and *Kenneth P. Grubb* of counsel, all of Milwaukee, and oral argument by *Mr. Foulkes.*

*J. E. Kitzke,* attorney, and of counsel on the briefs on motions for a rehearing and to modify the mandate, and *Wm. F. Schanen,* both of Milwaukee, for the respondents.

The following opinion was filed January 12, 1932:

FRITZ, J. Five of the plaintiffs are the children and heirs at law of John and Marcianna Schramka, and as such heirs instituted this action to establish their title and claim against any claim of the defendants to the land involved herein; and to forever bar the defendants from claiming any right, title, or interest to or in such land adversely to plaintiffs. The defendants, respectively, are the surviving widow, children, and heirs of Teofil Potrykus, and the wife of one of those children. Only Anna Perszyk and Mamie Perszyk filed an answer and cross-complaint to plaintiffs' complaint. They alleged that each was an heir at law of Teofil Potrykus, who owned the land in fee simple when he died on August 17, 1918, and that each was entitled to an undivided two-ninths interest in the land. After a trial upon the merits the court found that the plaintiffs, in connection with their predecessors in title, have been in uninterrupted adverse possession of the land, with title founded upon a written instrument, for more than ten years, and are now in such possession; and that the claims of the defendants are unfounded and extinguished. Judgment was ordered accordingly, and Anna and Mamie Perszyk appealed.

The land in question was owned in fee simple by Marcianna Schramka at the time of her death in June, 1912. She was survived by her husband, John Schramka, and six children, five of whom, together with the wives of two of them, are the plaintiffs in this action. She died intestate and, consequently, each of her six children and heirs became entitled to an undivided one-sixth interest in the land, subject to the life estate, as tenant by curtesy, of their father, John Schramka, who as such tenant by curtesy was entitled

to the possession of the land, and continued in possession thereof, as tenant by curtesy, until his death in May, 1927. He failed to pay the 1912 taxes, and in May, 1913, the land was sold for non-payment of taxes; and on August 21, 1916, a tax deed was executed to William Ahlhauser, who with his wife joining executed a quitclaim deed on August 22, 1916, conveying the land to Teofil Potrykus. Each of those deeds was duly recorded on the next day after its execution. Teofil Potrykus and his wife executed a quitclaim deed for the land, which, as recorded on July 2, 1920, named Odelia C. Ahlhauser as grantee and had August 23, 1918, as the date thereof and as the date of the acknowledgment. However, Teofil Potrykus had died on August 17, 1918, five days prior to the date which appeared on the deed, as recorded, as the date of the deed and of the acknowledgment thereof. That discrepancy in dates is due to the fact that the deed had been altered in several respects.

Thus, in its original form, the date thereof, as well as of the acknowledgment, was August 23, 1916; the grantee was John Schramka instead of Odelia C. Ahlhauser; and the name of one of the witnesses to the deed was Ada M. Ahlhauser instead of Ada M. Raeder. The latter change was made because that witness to the deed, after having, as such witness, signed her maiden surname on August 23, 1916, had become married prior to August 23, 1918, and, when the dates in the deed were changed to August 23, 1918, her married surname was substituted for her maiden name. There was no proof as to any actual delivery of that deed. It was produced in this action at the taking of a deposition of Edward Potrykus, who is a son of Teofil Potrykus, and who had had possession of that deed ever since his father's death, at which time Edward found that deed with other papers of his father, which the latter kept in a box in the attic of his home. There is no evidence that any other written instrument relating to that land ever existed ten or more years prior to the commencement of this action, upon

which plaintiffs can base any claim of title. They do claim that they are the owners as heirs of John Schramka, and that he acquired the record title by virtue of the altered deed which Teofil Potrykus executed, and which was originally dated August 23, 1916; and they also claim that they and their predecessor, John Schramka, were in uninterrupted adverse possession from 1900 to 1930.

On the other hand, the title claimed by the defendants Anna and Mamie Perszyk is based on a deed conveying the land to their father, Teofil Potrykus, on November 27, 1916, which was three months after the execution by Teofil Potrykus, on August 23, 1916, of the altered deed referred to heretofore. On November 27, 1916, the five children of Marcianna Schramka, who are the plaintiffs in this action, together with the sixth child, made and acknowledged a quit-claim deed, in which they, described as "being all the children and sole and only heirs of Marcyana Schramka," conveyed the land to Teofil Potrykus. He thereby acquired the interests and estate of the plaintiffs as remaindermen subject to the life estate, because of the right of curtesy, of John Schramka. Teofil Potrykus never conveyed that estate in remainder, and upon his death intestate that estate passed, under the statutes of descent, to his heirs, including the defendants Anna and Mamie Perszyk, each of whom thus acquired an undivided two-ninths interest. Furthermore, on July 20, 1922, in the county court of Ozaukee county, on an application for a certificate of descent of land of Marcianna Schramka, John Schramka stated, under oath, that his interest in the land was by right of curtesy as the widower of Marcianna Schramka, and that the interest of the children and heirs (which included the five who are plaintiffs in this action) of Marcianna Schramka was and is subject to his right by curtesy.

The trial court rightly ruled that unauthorized alterations, subsequently made by a stranger, in the deed executed by Teofil Potrykus, under date of August 23, 1916, did not

invalidate that deed or affect any title or interest which became vested under that deed. 2 Corp. Jur. p. 1179, § 10, p. 1185, § 24; *Wilke v. Wilke*, 28 Wis. 296; *Parker v. Kane*, 4 Wis. 1. However, no interest or title became vested by virtue of that deed, and it never became operative for any purpose unless it was delivered, at least constructively, during the lifetime of the grantor. 18 Corp. Jur. p. 210, note 35, p. 211; *Chaudoir v. Witt*, 170 Wis. 556, 170 N. W. 932, 174 N. W. 925; *Curry v. Colburn*, 99 Wis. 319, 321, 74 N. W. 778; *Flannigan v. Goggins*, 71 Wis. 28, 36 N. W. 848; *Wheeler v. Single*, 62 Wis. 380, 22 N. W. 569. No such delivery is established by the evidence in this case. Plaintiffs' counsel, realizing that there is no proof of actual delivery, relies upon the rule that the fact that a deed is duly recorded affords presumptive evidence of delivery. 18 Corp. Jur. pp. 207, 419, 420. But, as was said in *Smith v. Smith*, 116 Wis. 570, 93 N. W. 452, "this is a presumption of fact, merely, which may be rebutted by other evidence showing, as matter of fact, that there was no delivery." In the case at bar, whatever inference of delivery arose from the mere fact that the deed was recorded after the death of the grantor, Teofil Potrykus, was convincingly overcome by the undisputed fact, testified to by the grantor's son when he produced the deed during the course of the taking of his deposition, that when the grantor died, which was twenty-two months prior to the date of recording, the son found the deed among the grantor's papers in the grantor's attic. In addition, there are the facts that John Schramka, who was the grantee named in that deed prior to its alteration, and through and under whom plaintiffs now claim rights by virtue of that deed, did not assert any rights thereunder as a delivered instrument, when, in his petition filed July 20, 1922, for a certificate of the descent of land, he claimed merely an in-

terest in the land "by right of curtesy as the widower of" Marcianna Schramka; and also that John Schramka, alleging on July 20, 1922, the nature of the undivided estates of plaintiffs, as heirs of Marcianna Schramka, subjected their interests to his right of curtesy only. Manifestly if, theretofore, that deed had been delivered to him, and he had acquired Teofil Potrykus's title by virtue thereof, his right and interest in the land would have not merely been that of a tenant by curtesy, and the plaintiffs' interests as remaindermen would not have been subject only to his life estate as such tenant by curtesy.

On the other hand, were the estates in remainder to which plaintiffs were entitled, until they conveyed them to Teofil Potrykus on November 27, 1916, defeated by the use and occupancy of the land by John Schramka, which plaintiffs now claim constituted adverse possession? As he rightly stated in that petition of July 20, 1922, "he was interested in such real estate . . . by right of curtesy as the widower of" Marcianna Schramka. That interest entitled him to possession from the death of his wife in 1912 up to the date of that petition, and thereafter until his death in May, 1927. As such tenant by curtesy, his possession was not adverse to the heirs of his wife so as to set the statute of limitations in operation as against them. His possession is presumed to have been by virtue of his right as such life tenant, and not adverse to those entitled to the estates in remainder. *Perkinson v. Clarke,* 135 Wis. 584, 590, 116 N. W. 229; *Van Matre v. Swank,* 147 Wis. 93, 131 N. W. 982, 132 N. W. 904; *Keith v. Keith,* 80 Mo. 125; *Smith v. Cross,* 125 Tenn. 159, 140 S. W. 1060; *Fish v. Fish,* 184 Ky. 700, 212 S. W. 586; *Iseman v. Iseman,* 226 Ky. 116, 10 S. W. (2d) 613; *Peck v. Ayres,* 79 Kan. 457, 100 Pac. 283; *Whitcomb v. Worthing,* 30 Cal. App. 629, 159 Pac. 613; *Stricklin v. Moore,* 98 Ark. 30, 135 S. W. 360;

*Sadler v. Campbell,* 150 Ark. 594, 236 S. W. 588; *Duggins v. Woodson,* 117 Va. 299, 84 S. E. 652; *Hinton v. Farmer,* 148 Ala. 211, 42 South. 563; *Kirby v. Kirby,* 236 Ill. 255, 86 N. E. 259; *Barabee v. Bumpass,* 191 N. C. 521, 132 S. E. 275.

In law his possession as such life tenant was the possession of the remaindermen and also their grantee. *Roberts v. Cox,* 259 Ill. 232, 102 N. E. 204, 205. As this court said in *Van Matre v. Swank, supra,* p. 98:

"The remaindermen had no right to interfere with that possession and no reason to assume that the life tenant claimed anything other than a life estate. There is no evidence that they were ever even apprised by the occupant or any one else that" . . . the life tenant's "possession was hostile or adverse" to those entitled to the estate in remainder. "Life tenants who occupy real estate cannot cherish a secret purpose to acquire the fee in the estate and at the end of twenty years say that they have accomplished that purpose because they intended that their possession should be adverse and hostile to the owner of the fee. Notice of the adverse character of the occupancy, actual or constructive, or knowledge of facts sufficient to put a prudent man on inquiry, must be brought to the knowledge of the remainderman in order to defeat his title."

No such evidence of any such notice was offered in the case at bar and, consequently, the title of the remaindermen and their grantee, Teofil Potrykus, and his heirs was not defeated by adverse possession.

It follows that the complaint herein should have been dismissed, and that Anna and Mamie Perszyk, who were the only defendants who have appeared and filed a cross-complaint, and who have appealed from the judgment, were and are now entitled to judgment dismissing the complaint as to them with costs; establishing the claim, right, and title of each of them for the *pro rata* share of the land to which they are entitled, as heirs at law of Teofil Potrykus;

and forever barring plaintiffs from having or claiming any right, title, or interest adversely to the share therein of each of the defendants Anna and Mamie Perszyk. As to the other defendants who have neither answered nor appealed, "manifestly we can grant no relief to those who are not asking for it, and who are not complaining of the judgment." *Van Matre v. Swank, supra,* p. 99.

*By the Court.*—The judgment is reversed as to those defendants who have appealed therefrom; and the cause is remanded with directions to enter judgment in favor of appellants, as stated in the opinion.

The following opinion was filed March 8, 1932:

FRITZ, J. Upon consideration of the briefs filed in relation to respondents' motion for a rehearing, we have concluded that upon the record, including however only such proof as is properly of record and competent as evidence, that motion must be denied with costs to appellants.

In relation to appellants' motion to modify the mandate, it appears without dispute that under sec. 2159, Stats. 1917 (which was in effect when Teofil Potrykus died in 1918), each of the appellants was entitled to a one-third interest in the real estate of which their father died seized, subject only to his wife's dower interest. In view of that undisputed proof, appellants are now entitled to such one-third interests, although in their answer and cross-complaint they erred in concluding that the share to which each was legally entitled was but two-ninths of the estate. That would have been the extent of their interest if their father had died after sec. 2159, Stats. 1917, was amended to read as the present sec. 233.01, Stats., does. Of course the one-third interest, to which each of the appellants became legally entitled upon their father's death in 1918, was subject to the use by his widow by virtue of her dower rights, of one-

third part of the land. However as she, although duly served as a party to this action, failed to assert any right whatsoever by answer or an appeal, she has waived her right to have her dower right recognized. *Van Matre v. Swank,* 147 Wis. 93, 131 N. W. 982, 132 N. W. 904. Neither she nor respondents are now entitled to assert in this litigation that that one-third interest of each of the appellants is still subject to such dower rights. Consequently, on appellants' motion, the mandate is modified to read as follows:

"The judgment is reversed as to those defendants who have appealed therefrom; and the cause is remanded with directions to enter judgment providing for the dismissal of the complaint as to appellants with costs; establishing the claim, right, and title of each of appellants, as heirs at law of Teofil Potrykus, to an undivided one-third share and interest in the land involved herein; and forever barring plaintiffs from having or claiming any right, title, or interest adversely to said one-third share and interest therein of each of the appellants."